■ ANGUS RUSSELL, as Administrator of the Estate of RICHARD A. RUSSELL, Deceased, Appellant, v. MARY CIRILLO, as Administratrix of the Estate of FLOYD A. CIRILLO, Deceased, Respondent.— Appeal by plaintiff administrator in a wrongful death action from a judgment of the Supreme Court at Trial Term in Fulton County rendered upon a jury verdict in his favor in the sum of $4,500, including funeral expenses of $982.40, and from an order denying his motion to set aside the verdict on the ground of inadequacy. At the time of his death intestate was 16 years old. He left him surviving parents of the respective ages of 36 and 37 years. There was evidence that he was robust, employed as a farmhand and a carnival worker for short periods of time and within his limited earning capacity financially well-disposed toward his parents. In our judgment the jury inadequately appraised their chances of pecuniary benefit from the continuance of his life. The trial court did not err in admitting evidence of two commitments of the deceased to a correctional institution for juvenile delinquency by the Children's Court of Fulton County elicited upon cross-examination of plaintiff over the objection of his counsel that such constituted an attempt to " defame the memory of this boy ". In our view the policy of the State (Children's Court Act, § 45, subds. 4, 8) does not proscribe in an action for wrongful death prosecuted by his parent the use of evidence so probatively forceful on the subjects of character, qualities and habits of a child — well recognized as principal elements to be considered in estimating the amount of damages to be awarded therein. In any event no prejudice resulted from the ruling of the Trial Judge. The identical information appeared on the school record of the deceased received in evidence at the instance of defendant, to the admission of which plaintiff's counsel expressly stated that he had no objection. Judgment reversed on the facts and a new trial ordered, with costs to abide the event unless within 20 days after entry of the order hereon the defendant shall stipulate to increase to $7,500 the verdict of $4,500 and to modify the judgment accordingly. In the event that such stipulation be filed within the time prescribed, then the judgment as so modified by the stipulation, is affirmed, without costs. Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ., concur.