NED WINDUS, as Administrator of the Estate of CONNIE WINDUS, Deceased, Appellant, v RUTH A. BAKER, as Administratrix of the Estate of ZANE EDWARDS, Deceased, Respondent.—Judgment and order reversed, on the law and facts, with costs, and a new trial granted solely on the issue of damages. Memorandum: The 13-year-old decedent was overcome and died as a result of carbon-monoxide poisoning. In an action brought to recover for her wrongful death, the jury awarded her estate, in addition to the funeral expenses and a grave marker, the sum of $4,854.50 for pecuniary loss. In

determining the "fair and just compensation" for the pecuniary loss resulting from the death of this minor "to the persons for whose benefit the action is brought" (EPTL 5-4.3), her age and life expectancy, state of health, current and probable future earnings during her minority above her support, the probability of her having means to support her parents, if they are in need and the voluntary assistance which decedent might have given to her parents are relevant factors to be considered *(Bartkowiak v St. Adalbert's R. C. Church Soc.,* 40 AD2d 306, 309-310). Also to be considered are the health, age, and condition of those for whose benefit the action is brought *(Arnold v State of New York,* 163 App Div 253, 264-265). From all of these circumstances the question to be determined is what were the probable chances for pecuniary benefit from the decedent for those on whose behalf the action is brought and what those benefits, if any, were worth. This teen-aged girl was in excellent health, maintained good grades in junior high school, was an outgoing person, as evidenced by her position as cheerleader for junior high school sports teams, played a flute in the school band and attended church regularly where she was a member of the "Youth Fellowship." Evidence of her future potential to her parents is gleaned from the fact that she was industrious and hard-working, holding a babysitting job during the summer and on weekends during the school year. She helped out at home and was described as a "mindful," "mature and responsible," "good girl" who had never had any problem in school. Although her surviving father and mother, aged 46 and 41, respectively, at the time of her death were separated, decedent maintained a close and loving relationship with each of them. We consider that the jury's award upon this record inadequately appraised the parents' chances for pecuniary benefit from the continuance of her life *(Russell v Cirillo,* 17 AD2d 1005), and that there should, therefore, be a new trial limited solely to this issue. All concur, except Schnepp and Moule, JJ., who dissent and vote to affirm the order and judgment. (Appeal from judgment and order of Allegany Supreme Court—wrongful death.) Present—Cardamone, J. P., Schnepp, Callahan, Doerr and Moule, JJ.