■ LOUIS J. LANCERI, as Executor of WANDA LANCERI, Deceased, Appellant, v STATE OF NEW YORK, Respondent. — Judgment affirmed, without costs. All concur, except Callahan, J., who dissents and votes to reverse the judgment, in the following memorandum.

Callahan, J. (dissenting). I respectfully dissent and vote to reverse and grant a new trial on the issue of damages only in the action on behalf of Wanda Lanceri, deceased, I concur in the affirmance on the issues of negligence and freedom from contributory negligence. The record supports the conclusion that the operator of the State vehicle negligently drove it through a stop sign at a high rate of speed, which action was the proximate cause of the accident and the death of the decedent who at the time of the accident was a passenger in her husband's automobile. As a result of the accident, Wanda Lanceri suffered severe neck and visceral injuries resulting in death within minutes of the violent collision. Damages in a wrongful death action are, by statute, limited to "pecuniary injuries" suffered by the distributees of decedent's estate (EPTL 5-4.3). Such damages include loss of support, voluntary assistance and possible inheritance, as well as medical and funeral expenses incidental to death *(Parilis v Feinstein,* 49 NY2d 984, 985). Determining "fair and just" compensation is complex because the amount of pecuniary loss tends to be uncertain and problematical *(Franchell v Sims,* 73 AD2d 1, 5). Such determination is less difficult, however, from this record. Applying the statutory guidelines to the proof in this case should result in a verdict greater than $50,000. In my view, the damages awarded by the court are so inadequate as to shock the conscience of this court *(Franchell v Sims, supra; Bell v Cox,* 54 AD2d 920, mot for lv to app den 41 NY2d 805; *Russell v Cirillo,* 17 AD2d 1005). Wanda Lanceri, age 50, left surviving her husband who was 51 years of age at the date of her death and her son, then 19. Both resided with her in a marvelous family relationship. Funeral and burial expenses amounted to $2,285. Theré is no dispute that Mrs. Lanceri was an intelligent lady, a high school graduate who had taken many extra courses and programs to improve herself and her talents. She was a hard-working woman, an ideal wife, and while gainfully employed managed the house and home in fine fashion. She enjoyed good health and had an excellent work record. She worked rather steadily during the course of her marriage, earning $6,146.25 in 1971, $6,307.65 in 1972, $7,399.50 in 1973, $7,951.83 in 1974 and in 1975, $8,772.88. Wanda had been employed at the Hilton School District, Hilton, New York as a payroll clerk for approximately seven and one-half years prior to her death. While laid off on December 31, 1975, she was due to return to work on January 15, 1977 at $5.06 per hour with an expected annual pay of approximately $9,200. Born March 3, 1926 she had a life expectancy of 29.8 years and her work expectancy according to the table of working wife or women, prepared by the United States Department of Labor, was 12.6 years. All of her earnings were applied jointly as household money and all savings were kept in joint accounts. It can be readily calculated that with present values and inflation, the financial loss here was substantial. There is no realistic calculation which can appraise this loss at $50,000. In my

view, a fair and just amount within the purview of the statute designed to properly and reasonably compensate for the pecuniary loss should be $150,000. (Appeal from judgment of Court of Claims, Moriarty, J. — wrongful death.) Present — Cardamone, J. P., Callahan, Doerr, Denman and Moule, JJ.