VIVIAN BROWN, as Administratrix of the Estate of LORI M. BROWN, Deceased, Appellant, v BENJAMIN H. HORN, SR., as Administrator of the Estate of ALFRED E. HORN, Deceased, et al., Respondents.

The proof presented at the trial demonstrated that at the time of her death decedent resided in her parents' home. Her parents, Douglas and Vivian, were 41 and 42 years of age at the time of the trial. She had attended high school through the 11th grade. Thereafter, she enrolled in a nurse's aide training course. She successfully completed that course and was certified as a nurse's aide. Except for occasional short periods of time, she remained steadily employed as a nurse's aide. The testimony showed that decedent maintained a close and loving relationship with her parents and performed various household chores for them. When she was employed and lived in their home she regularly contributed $25 each week to her parents. The proof further showed that decedent provided care and assistance to her mother when she was incapacitated due to illness.

In a wrongful death action, the amount of recovery is measured by the "fair and just compensation for the pecuniary injuries resulting from the decedent's death to the persons for whose benefit the action is brought" (EPTL 5-4.3 [a]). "Such damages are limited to loss of support, voluntary assistance and possible inheritance, as well as medical and funeral expenses incidental to death" *(Parilis v Feinstein,* 49 NY2d 984, 985). A determination of what is "fair and just compensation" is complex and requires consideration of a variety of factors including the decedent's age, sex, relationship to the person seeking recovery, earning capacity, life expectancy, health and intelligence, and the number and circumstances of her distributees *(see, Nussbaum v Gibstein,* 138 AD2d 193, 210, *revd on other grounds* 73 NY2d 912; *see generally, Gonzalez v New York City Hous. Auth.,* 77 NY2d 663, 668). "Where parents are the plaintiff beneficiaries the pecuniary injuries include loss of their child's services * * * not limited to the decedent's minority" *(Franchell v Sims,* 73 AD2d 1, 5).

Upon the application of the foregoing principles to this case, we find that the damage award made by the jury "deviates materially from what would be reasonable compensation" (CPLR 5501 [c]). Accordingly, the order should be reversed and a new trial granted on the issue of damages *(see, Eisleben v Torchia-Reile,* 178 AD2d 940). (Appeal from Order of Supreme Court, Wayne County, Strobridge, J.—Set Aside Verdict.) Present—Boomer, J. P., Pine, Balio, Lawton and Davis, JJ.