■ PATRICIA M. PETERSEN, Individually and as Administra-

trix of the Estate of PAUL J. PETERSEN, Deceased, Appellant, v DEREK OWENS et al., Respondents. (Appeal No. 1.)—Judgment unanimously reversed on the law with costs and new trial granted on damages only. Memorandum: Plaintiff appeals from a judgment entered upon a jury verdict finding that defendant Derek Owens' negligence contributed to the death of her son, but that plaintiff suffered no pecuniary damages. The determination that plaintiff did not suffer pecuniary damages is contrary to the weight of evidence. Thus, we reverse and remit the matter for a new trial solely upon the issue of damages.

The evidence reveals that decedent was a 16-year-old high school senior with above average grades in Regents and advance placement classes; that decedent desired to pursue a career in mechanical engineering, specifically the design of automobiles, and had been accepted to pursue a degree program in that career specialty at Michigan State University; that decedent frequently performed chores around the house to help plaintiff; that they enjoyed a very close relationship; that plaintiff and her former husband, decedent's father, were college graduates; and that plaintiff was unemployed, but received child support. Expert testimony was elicited regarding the life and work expectancies of plaintiff and decedent, as well as decedent's earning capacity. That evidence was sufficient to support a finding of pecuniary loss, and Supreme Court erred in denying plaintiff's motion to set aside the verdict upon that ground (see, Franchell v Sims, 73 AD2d 1; Windus v Baker, 67 AD2d 833; cf., Moyer v State of New York, 175 AD2d 607).

The trial court also erred in refusing to allow plaintiff's accident reconstruction expert to testify that, in his opinion, defendant's vehicle was traveling at 60.1 miles per hour before defendant applied his brakes. Plaintiff's pretrial statement that the witness would testify that defendant's vehicle was traveling in excess of 56 miles per hour was sufficient to alert defendant to the substance of the expert's testimony (see, CPLR 3101 [d] [1] [i]; Matter of Love Canal Actions, 161 AD2d 1169, modfg 145 Misc 2d 1076). The error was harmless, however, because the expert was permitted to testify that defendant's vehicle was traveling in excess of 56 miles per hour, well in excess of the posted 40 miles per hour speed limit. Plaintiff's remaining contentions are without merit. (Appeal from Judgment of Supreme Court, Wyoming County, Dadd, J.—Negligence.) Present—Boomer, J. P., Green, Balio, Fallon and Davis, JJ.