CHARLES NITZKE, Respondent, v DAVID LOVELAND et al., Appellants.—Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the

following Memorandum: Supreme Court erred in concluding that the jury's apportionment of fault was not supported by legally sufficient evidence. Although plaintiff's vehicle was struck from behind by a truck operated by Loveland, evidence that plaintiff's vehicle stopped abruptly in the left passing lane of an arterial highway was sufficient to raise a triable issue regarding the relative degrees of fault. Further, the court should not have granted plaintiff's motion to set aside the jury's apportionment of fault on the ground that it was contrary to the weight of the evidence. A fair interpretation of the evidence supports the jury's finding, and the court's contrary finding impermissibly interfered with the jury's resolution of credibility issues (see, *Nicastro v Park*, 113 AD2d 129, 133-135). Thus, the order is modified by denying plaintiff's motion to set aside the jury's finding of comparative negligence, by vacating the court's apportionment of fault and by reinstating that portion of the jury verdict.

Supreme Court further erred in denying defendants' posttrial motion to reduce the verdict by the amount plaintiff received in Workers' Compensation benefits for lost wages and medical expenses. Those payments were in lieu of first party benefits and did not give rise to a lien in favor of the compensation carrier (see, Workers' Compensation Law § 29 [1-a]; *Matter of Fellner v Country Wide Ins.*, 95 AD2d 106). Thus, the payments should have been applied to reduce the amount of the verdict pursuant to CPLR 4545 (c).

Defendants' posttrial motion sought only to reduce the verdict by the amount of collateral source payments received by plaintiff. Defendants did not contend that the jury's finding that plaintiff suffered a serious injury within the meaning of Insurance Law § 5102 (d) was contrary to the weight of evidence on their motion or in opposition to plaintiff's motion to set aside the verdict. Defendants failed to preserve that issue for appellate review (see, *Nelson v Times Sq. Stores Corp.*, 110 AD2d 691, *appeal dismissed* 67 NY2d 645).

Supreme Court properly determined that the jury's failure to award damages for plaintiff's past and future pain and suffering was contrary to the weight of the evidence. There was no fair interpretation of the evidence that would sustain that portion of the jury's verdict. Therefore, a new trial is granted on the issue of damages for past and future pain and suffering. During the trial, the parties stipulated to the reasonable value of medical services rendered to plaintiff, and aside from the collateral source issue, neither party sought to set aside that portion of the verdict awarding damages for lost

earnings. Because the order appealed from directs that the award for medical expenses and lost earnings be set aside, we modify that order to reinstate the jury's award for those two items, reduced by the amount of collateral source payments. (Appeal from Order of Supreme Court, Onondaga County, Mordue, J.—Negligence.) Present—Denman, P. J., Pine, Balio, Fallon and Doerr, JJ.