■ MARJORIE KRUEGER, Individually and as Administratrix of the Estate of MELANIE KRUEGER, Deceased, Respondent, v NANCY WILDE et al., Appellants. (Appeal No. 1.) [614 NYS2d 88] —Order insofar as appealed from unanimously reversed on the law without costs, motion denied and verdict reinstated. Memorandum: In this wrongful death action, the jury appor-

tioned fault 65% to decedent and 35% to defendants. Supreme Court set aside the jury's apportionment of fault and granted plaintiff's motion for a new trial unless defendants stipulated to accept Supreme Court's apportionment of fault 100% to them. That was error. We cannot conclude that "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial" (Cohen v Hallmark Cards, 45 NY2d 493, 499; see, Nicastro v Park, 113 AD2d 129). Even if the jury disregarded defendants' version of the accident and fully credited plaintiff's version, there is sufficient evidence of negligence on the part of plaintiff's decedent to raise a triable issue concerning the relative degrees of fault (see, Nitzke v Loveland, 188 AD2d 1058, 1059). Nor should Supreme Court have set aside the jury's apportionment of fault as being against the weight of the evidence. The discretionary power to set aside a verdict as not supported by the weight of the evidence should be exercised with "considerable caution" (Nicastro v Park, supra, at 133). We conclude that a fair interpretation of the evidence supports the jury's determination and Supreme Court's contrary finding indicates an impermissible interference with the jury's resolution of credibility issues (Nitzke v Loveland, supra; Nicastro v Park, supra, at 133-135). Consequently, Supreme Court's apportionment of fault is vacated and the verdict reinstated in that respect.

Supreme Court properly set aside the jury's determination that plaintiff suffered no pecuniary loss by the death of her 14-year-old daughter. The proof submitted demonstrated that plaintiff's daughter had completed eighth grade with an 85 average, had an I.Q. of 125, was a good student who aspired to a professional career, played cello and guitar, was involved in Girl Scouts and other activities, was in good health with a normal life expectancy, held part-time jobs, helped her parents with work-related tasks, and enjoyed a close, loving relationship with both her parents. That evidence supports an award for pecuniary loss (see, Petersen v Owens, 186 AD2d 1029, 1030; Brown v Horn, 179 AD2d 1073, 1074; Windus v Baker, 67 AD2d 833; cf., Moyer v State of New York, 175 AD2d 607). We modify that part of the order granting plaintiff a new trial on damages for pecuniary loss only to provide that the new trial is granted unless defendants, within 20 days of service of a copy of the order of this Court with notice of

entry, stipulate to an award of damages for pecuniary loss in the amount of $100,000 *(see, Coffey v Callichio,* 136 AD2d 673; *Regan v Long Is. R. R. Co.,* 128 AD2d 511), which would amount to a net award of $35,000. (Appeal from Order of Supreme Court, Erie County, Doyle, Jr., J.—Set Aside Verdict.) Present—Denman, P. J., Lawton, Doerr and Davis, JJ.