■ WILLIE McLAURIN, JR., Respondent-Appellant, v RYDER TRUCK RENTAL et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents. J & N VORCHHEIMER CORP., Third-Party Defendant-Appellant-Respondent.—In a negligence action to recover damages for personal injuries, etc., the defendants and third-party plaintiffs and the third-party defendant appeal from an amended judgment of the Supreme Court, Kings County (Monteleone, J.), entered June 3, 1985, which was in favor of the plaintiff and against the defendants and third-party plaintiffs in the principal sum of $579,000, and the plaintiff cross-appeals, as limited by his brief, from so much of the amended judgment as reduced the principal sum awarded by $36,000 to reflect basic economic loss benefits previously received by the plaintiff. (The notices of appeal by the defendants and third-party plaintiffs and the third-party defendant from the judgment entered July 30, 1984, are deemed to be premature notices of appeal from the amended judgment entered June 3, 1985, which superseded the original judgment [CPLR 5520 (c)].)

Presiding Justice Mollen has been substituted for the late Justice Gibbons *(see,* 22 NYCRR 670.2 [c]).

Ordered that the amended judgment is reversed, on the facts and as an exercise of discretion, without costs or disbursements, and a new trial is granted on the issue of damages only, unless within 20 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation con-

senting to reduce his award as to damages from the principal sum of $579,000 to the principal sum of $330,000, and to the entry of an amended judgment accordingly. In the event that the plaintiff so stipulates, then the amended judgment, as so reduced and further amended, is affirmed, without costs or disbursements. The findings of fact as to liability are affirmed.

On February 3, 1982, the plaintiff, Willie McLaurin, Jr., was seriously injured when a tractor trailer, which was being driven by the defendant Ellis struck him while backing up into a loading bay on premises owned by the plaintiff's employer. The plaintiff and three companions had attempted to enter the meat packing plant through the loading bay area. In order to do this, two of the employees requested that Ellis move the tractor trailer, which was blocking the entrance. Although Ellis initially refused, they ultimately persuaded him to move the vehicle and allow them to enter the plant. The plaintiff's three companions proceeded through in complete safety. As the plaintiff attempted to squeeze through, however, Ellis slowly backed up the tractor trailer causing him to be pinned between the vehicle and the loading dock. As a result of this unfortunate accident, the plaintiff sustained several injuries including a large gash to his left thigh, a fracture to his pubic bone as well as associated injuries to ligaments and soft tissue.

Following a bifurcated trial, the jury found that the plaintiff was comparatively negligent to the extent of 40% and that the defendants were liable for the remaining 60%. The jury further found that the plaintiff sustained lost earnings in the amount of $600,000 and awarded him damages in the sum of $425,000 to compensate him for pain and suffering.

On appeal, the defendants third-party plaintiffs and third-party defendant contend, *inter alia,* that Trial Term committed reversible error by charging the jury that if they should find that the defendants violated Vehicle and Traffic Law § 1211, such a violation constituted negligence on the part of the driver of the tractor trailer. According to them, Vehicle and Traffic Law § 1211 applies only to highways and private roadways open to public motor vehicle traffic, and not to a private loading bay area and parking lot such as the situs of the accident at bar.

We do not believe that, under the circumstances, this charge constitutes reversible error. Vehicle and Traffic Law § 1211 (a) provides that a driver "shall not back [a vehicle] unless such movement can be made with safety". The provi-

sion merely restates a similar and well-recognized common-law duty of care which must be exercised by drivers on public and private roads alike *(see, e.g., Brown v Babcock,* 265 App Div 596; *De Sessa v City of White Plains,* 30 Misc 2d 817; *Liability for Injury or Damage Occasioned by Backing of Motor Vehicle within Private Premises,* Ann., 63 ALR2d 184). We further note that this common-law duty is now statutorily applicable to parking lots as well, since the Legislature has seen fit to overrule prior case law which held that the rules of the road were not applicable to private parking lots *(see,* Vehicle and Traffic Law § 1100 [a], as amended by L 1984, ch 166, § 2; *see also,* 1984 NY Legis Ann, at 94 [mem of Dept of Motor Vehicles]; *cf. Beck v Coby,* 52 AD2d 559).

The defendants and third-party plaintiffs and the third-party defendant also challenge the jury's verdict with respect to damages and characterize the amount of the award as "grossly excessive". With regard to the award for pain and suffering, while the plaintiff's physician testified that the plaintiff now suffers from a limitation in the range of motion and although the plaintiff testified that he suffers from continuous pain, particularly when he remains in one position for a lengthy period of time, there was also evidence adduced at trial to the effect that the plaintiff is fully capable of attending to his daily needs and that he engages in certain activities, including driving a car. The plaintiff, no doubt, will continue to endure some degree of physical and emotional pain. However, we find, viewing the evidence in a light most favorable to the plaintiff, that the award of $425,000 for pain and suffering was excessive and should be reduced to $250,000.

As concerns the plaintiff's lost earnings, we agree with the defendants that the court erred in denying their request to instruct the jury that the plaintiff was obligated to mitigate damages by endeavoring to seek alternate employment *(see, Saleeby v Kingsway Tankers,* 531 F Supp 879, 891; *Wilmot v State of New York,* 32 NY2d 164, 169; *Den Norske Ameriekalinje Actisselskabet v Sun Print. & Pub. Assn.,* 226 NY 1, 7). After considering the plaintiff's future potential earning capacity, we find that the award of $600,000 for lost earnings was indeed excessive and, based on the evidence adduced at trial, conclude that the amount of $360,000 more accurately reflects the plaintiff's loss of earnings.

The plaintiff, on appeal, contends that the jury's verdict which found him comparatively negligent to the extent of 40% should be overturned. We disagree. There was sufficient evidence presented to the jury to sustain its findings. The

aforesaid sums are accordingly reduced by 40% to a total of $366,000. This figure is further reduced by $36,000 to reflect the adjustment in the amended judgment for the basic economic loss benefits previously paid. Mollen, J. P., Thompson, Eiber and Spatt, JJ., concur.