OPINION OF THE COURT
Lawrence E. Kahn, J.
This case presents the issue of whether a plaintiff in a *635 personal injury action claiming permanent employment disability can be compelled to submit to an interview by the defendant’s retained expert, a certified rehabilitation and vocational counselor.
Plaintiff James Popelka sustained personal injuries as a result of an incident that occurred on September 9, 1988, when he fell from a scaffold located upon property owned by Northside Partnership (Northside). Northside had previously entered into an agreement with Barry, Bette and Led Duke, Inc. (Led Duke), whereby Led Duke would be the general contractor hired to construct a supermarket upon the property. Led Duke entered into a subcontract with Colonie Masonry, whereby the subcontractor was to do the masonry work. Mr. Popelka was a mason employed by Colonie Masonry at the time of the incident.
Plaintiffs have been granted partial summary judgment upon the liability issue against the defendants, and they, in turn, have been granted summary judgment against the third-party defendant upon their indemnification claims. The only issue left to be tried is the amount of damages to be recovered by the plaintiffs. On that score, Mr. Popelka claims that he is permanently disabled from employment as a mason. The defendant has hired a vocational rehabilitation expert and wants Mr. Popelka to submit to an interview by that expert. He has refused, resulting in this motion. Plaintiffs’ counsel contends that the discovery sought by the third-party defendant is beyond the scope of CPLR article 31. The court disagrees.
The governing rule of law appears to be that a plaintiff seeking to recover for lost earnings, and lost future potential earning capacity, is "obligated to mitigate damages by endeavoring to seek alternate employment” (McLaurin v Ryder Truck Rental, 123 AD2d 671, 673). It also appears to be the law that a litigant in a civil suit can be compelled to submit to an examination by the other party’s retained expert (Matter of B. v B., 134 Misc 2d 487). Here, one of the issues in dispute is whether Mr. Popelka is employable other than as a mason. The third-party defendant is entitled to discovery upon that issue, particularly by way of having its rehabilitation counselor examine Mr. Popelka.