■ MARY A. VAN SCOOTER, Individually and as Administratrix of the Estate of JOHN E. VAN SCOOTER, Deceased, Appellant, v 450 TRABOLD ROAD, INC., Doing Business as WECKESSER BRICK CO., et al., Respondents. (Appeal No. 1.) [616 NYS2d 129] — Judgment unanimously reversed on the law without costs and

new trial granted. Memorandum: An amended judgment was entered after entry of the judgment from which this appeal was taken. No appeal lies from a judgment that has been superseded by an amended judgment *(see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051; *McLaurin v Ryder Truck Rental,* 123 AD2d 671). We exercise our discretion to treat the appeal as one taken from the amended judgment *(see,* CPLR 5520 [c]; *Hughes v Nussbaumer, Clarke & Velzy,* 140 AD2d 988; *McLaurin v Ryder Truck Rental, supra; Sanders v New York City Tr. Auth.,* 135 Misc 2d 688).

Plaintiff's decedent was fatally injured when the automobile he was driving struck the rear of a truck owned by defendant 450 Trabold Road, Inc., doing business as Weckesser Brick Co. (Weckesser). At the time of the accident, the truck was parked on the southbound lane of East River Road while defendant Mark S. Nicholson, a Weckesser employee, delivered a load of bricks to a construction site. The jury apportioned liability 90% to plaintiff's decedent and 10% to defendant Nicholson. On appeal, plaintiff contends that certain errors by the trial court substantially impaired her rights and require a new trial *(Runfola v Bryant,* 127 AD2d 972). We agree.

The court erred in permitting a Sheriff's Deputy to testify that, on his police accident report, he indicated that the accident was caused by decedent's "inattention." A witness must testify to facts and not to opinions and conclusions drawn from the facts (Richardson, Evidence § 361 [Prince 10th ed]). The deputy's opinion testimony concerning the cause of the accident invaded the jury's exclusive province to determine factual issues *(see, Stevens v Kirby,* 86 AD2d 391, 396; *Zimmerman v Ullmann,* 173 App Div 650, 653; *see also, People v Vizzini,* 183 AD2d 302).

The court also erred in precluding plaintiff's accident reconstruction expert from testifying that the lack of a bumper on Weckesser's truck contributed to decedent's injuries. Plaintiff established that the witness possessed "the requisite skill, training, education, knowledge or experience" *(Matott v Ward,* 48 NY2d 455, 459) and that his opinion "would help to clarify an issue calling for professional or technical knowledge, possessed by the expert and beyond the ken of the typical juror" *(De Long v County of Erie,* 60 NY2d 296, 307; *see, Chanler v Manocherian,* 151 AD2d 432, 435). Precluding that expert testimony prevented the jury from considering whether the absence of a bumper on the truck may have aggravated decedent's injuries and caused decedent's death. That error

was compounded by the court's refusal to charge the jury on Weckesser's duty to maintain the truck in a safe condition *(see,* PJI 2:86).

In light of our determination, we need not address the other contentions raised by plaintiff. (Appeal from Judgment of Supreme Court, Monroe County, Affronti, J.—Wrongful Death.) Present—Green, J. P., Balio, Fallon, Callahan and Davis, JJ.