■ ENRIQUE RODRIGUEZ, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [618 NYS2d 352] —Judgment of the Supreme Court, Bronx County (Anita Florio, J.), entered April 30, 1993 which, after jury trial, awarded plaintiff a total of $470,300 for past and future damages, unanimously reversed, on the law, without costs, and the matter remanded to Supreme Court for a new trial.

During the presentation of plaintiff's case, his expert witness was permitted to testify as to the application and interpretation of certain statutes and regulations requiring the maintenance of premises in safe condition. This Court has had recent occasion to reiterate that it is reversible error to permit a party to attempt to prove negligence by expert

testimony regarding the meaning and applicability of a statute imposing a standard of care *(Ross v Manhattan Chelsea Assocs.,* 194 AD2d 332, 333; *see also, Marquart v Yeshiva Machezikel Torah D'Chasidel Belz,* 53 AD2d 688, 689).

Plaintiff's engineer asserted that requirements governing means of "egress" are applicable to the stairs on which plaintiff allegedly fell. However, the word "stairs" does not appear in the portions of the statutes quoted by the expert, and the statutes are silent with respect to the metal stair stripping or nosing that is at issue in this case. Similarly, the expert maintained that New York State Building Code requirements governing "devices or safeguards" include such stair stripping within its ambit. However, the cited requirements are limited to "conformance with the code condition *under which installed"*, and plaintiff presented no evidence of either the date of the building's construction or existing code conditions at the time *(see, Ross v Manhattan Chelsea Assocs., supra,* at 333). The witness was permitted to testify about matters beyond the scope of his expertise and to usurp the function of the court *(Petru v Hertz Corp.,* 33 AD2d 755).

Plaintiff's summation was highly prejudicial and inflammatory. Even if we were to conclude, as plaintiff contends, that his counsel's remarks during summation were not so egregious as to require reversal, the cumulative effect of her summation together with the error in the engineer's testimony warrants reversal and a new trial. Plaintiff's counsel improperly intimated that defendant's medical expert was unworthy of belief because he was compensated for his appearance at trial; she injected her own opinion in disagreement with the doctor, thereby improperly making herself an unsworn witness; and she disparaged another defense witness as a "yahoo", suggesting that he was being coached, thereby denigrating both the witness and defense counsel *(see, Nuccio v Chou,* 183 AD2d 511, 514-515, *lv dismissed* 81 NY2d 783; *Clarke v New York City Tr. Auth.,* 174 AD2d 268, 277-278; *Senn v Scudieri,* 165 AD2d 346, 357; *Berkowitz v Marriott Corp.,* 163 AD2d 52, 53-54 [judgment reversed despite lack of objection to improper comments during summation]). Finally, the reference by plaintiff's counsel to an alleged fraud involving time records was entirely unwarranted. This topic was irrelevant since, by plaintiff's own admission, no accident report was ever filed with defendant. In any event, employee time records are unrelated to records maintained by defendant in personal injury cases. The two employees allegedly involved in altering time records were not subject to impeachment since they did

not testify. We conclude that categorization of the employees as "forgers" was gratuitous and calculated to divert attention from legitimate issues by suggesting that the Housing Authority may have altered non-existent records concerning plaintiff's accident *(Clarke v New York City Tr. Auth., supra,* at 278).

In view of this disposition, we do not reach defendant's remaining contentions except to note that discovery of surveillance videotapes is now governed by statute (CPLR 3101 [i]). Concur—Wallach, J. P., Kupferman, Ross, Asch and Rubin, JJ.