■ LAWRENCE SALTZER et al., Respondents, v LUTHERAN MEDICAL CENTER et al., Appellants. [625 NYS2d 65] —In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Vaccaro, J.), dated October 21, 1992, which, after a jury trial on the issue of damages, is in favor of the plaintiffs

and against them in the principal sum of $250,000 ($200,000 to Lawrence Saltzer and $50,000 to Harriet Saltzer).

Ordered that the judgment is modified, on the facts and as a matter of discretion, by deleting the second decretal paragraph thereof and substituting therefor a provision severing the plaintiff Harriet Saltzer's causes of action to recover damages for past and future loss of services, and granting a new trial with respect thereto; as so modified the judgment is affirmed, with costs to the appellants, unless within 30 days after service upon her of a copy of this decision and order, with notice of entry, the plaintiff Harriet Saltzer shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for her derivative claims from the sum of $50,000 to the sum of $25,000 ($15,000 for damages for past loss of services and $10,000 for damages for future loss of services), and to the entry of an appropriate amended judgment in her favor; in the event that the plaintiff Harriet Saltzer so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for entry of an appropriate amended judgment accordingly.

We find that the damages awarded to the plaintiff Harriet Saltzer are excessive to the extent indicated because they deviate materially from what would be reasonable compensation under the circumstances of this case (see, CPLR 5501 [c]).

The appellants' remaining contentions are either unpreserved for appellate review or do not warrant reversal. Copertino, J. P., Pizzuto, Joy and Friedmann, JJ., concur.