■ NICHOLAS LENGARES et al., Respondents, v B & A WAREHOUSING, INC., et al., Defendants, and CHARLES PETSES REALTY SERVICE, INC., Appellant. [627 NYS2d 760] —In an action to recover damages for personal injuries, etc., the defendant Charles Petses Realty Service, Inc., appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Vinik, J., at the liability portion of the trial; Garry, J., at the damages portion of the trial), entered January 26, 1993, as, upon a jury verdict, inter alia, finding it 60% at fault in the happening of the accident, (1) is in favor of the plaintiff Nicholas Lengares and against it in the principal sum of $282,000 (60% of $470,000) and (2) is in favor of the plaintiff Letita Lengares and against it, upon her derivative claim, in the principal sum of $60,000 (60% of $100,000; $50,000 for past loss of services, and $50,000 for future loss of services).

Ordered that the judgment is modified, on the facts and as a matter of discretion, by deleting the provision thereof which is in favor of the plaintiff Letita Lengares awarding her damages of $60,000 and substituting therefor a provision severing the plaintiff Letita Lengares's causes of action to recover damages for past and future loss of services, and granting a new trial with respect thereto; as so modified the judgment is affirmed, with costs to the appellant, unless within 30 days after service upon her of a copy of this decision and order, with notice of entry, the plaintiff Letita Lengares shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for her derivative claims from the sum of $100,000 to the sum

of $35,000 ($25,000 for damages for past loss of services and $10,000 for damages for future loss of services), and to the entry of an appropriate amended judgment in her favor in the principal sum of $21,000 (60% of $35,000); in the event that the plaintiff Letita Lengares so stipulates, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for entry of an appropriate amended judgment accordingly.

The defendant Charles Petses Realty Service, Inc. (hereinafter Petses Realty) contends that the complaint should have been dismissed because the plaintiffs failed to establish a *prima facie* case of negligence. Upon a review of the evidence in the light most favorable to the plaintiffs and according them the benefit of every reasonable inference *(see, Negri v Stop & Shop,* 65 NY2d 625, 626), we conclude that "the evidence is such that it would not be utterly irrational for a jury to reach the result it has determined upon" and, thus, a valid question of fact did exist, and therefore the verdict was, as a matter of law, supported by the evidence *(see, Cohen v Hallmark Cards,* 45 NY2d 493, 499).

Furthermore, on the record before us, we cannot say that the verdict with respect to liability was against the weight of the evidence *(see, e.g., Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507; *Nicastro v Park,* 113 AD2d 129).

Notwithstanding the claim of Petses Realty that the award to the plaintiff Nicholas Lengares for pain and suffering was excessive, we find that the award did not deviate materially from what would be reasonable compensation *(see,* CPLR 5501 [c]).

However, we find the award to the plaintiff Letita Lengares on her causes of action to recover damages for past and future loss of services was excessive to the extent indicated herein in that it deviated materially from what would be reasonable compensation. Bracken, J. P., Copertino, Krausman and Florio, JJ., concur.