■ KEN MITCHEL et al., Respondents, v WESLEY DEPP, Defendant and Third-Party Plaintiff-Appellant, et al., Defendants and Third-Party Plaintiffs. RABLAC CONSTRUCTION CORP., Third-Party Defendant-Appellant. [632 NYS2d 834] —In an action to recover damages for personal injuries, etc., the defendant Wesley Depp and the third-party defendant Rablac Construction Corp. separately appeal from a judgment of the Supreme Court, Queens County (Kitzes, J.), entered November 29, 1993, which, upon an order and judgment of the same court (Berkowitz, J.), dated June 7, 1993, inter alia, granting the plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1), and upon a jury verdict in favor of the plaintiffs on the issue of damages, is in favor of the plaintiffs and against the defendant Wesley Depp in the principal sum of $519,553.51 ($300,000 of which was for the plaintiff Ken Mitchel's past pain and suffering).

Ordered that the judgment is modified, on the facts and as a matter of discretion, by deleting the provision thereof which awarded the plaintiff Ken Mitchel the sum of $300,000 for past pain and suffering and substituting therefor a provision sever-

ing the plaintiff Ken Mitchel's cause of action to recover damages for past pain and suffering, and granting a new trial with respect thereto; as so modified the judgment is affirmed, with one bill of costs to the appellants appearing separately and filing separate briefs, unless within 30 days after service upon him of a copy of this decision and order, with notice of entry, the plaintiff Ken Mitchel shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the sum of $300,000 to the sum of $100,000, and to the entry of an appropriate amended judgment in his favor; in the event that the plaintiff Ken Mitchel so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for entry of an appropriate amended judgment accordingly.

There is no merit to the contention that a question of fact was raised as to whether the plaintiff could be considered a special employee of the defendant, so as to be precluded from recovery under the Labor Law (see generally, Lazo v Mak's Trading Co., 84 NY2d 896; Matter of Mid-Hudson Publ. [Roberts]., 119 AD2d 959; cf., Heritage v Van Patten, 59 NY2d 1017; Olsen v We'll Manage, 214 AD2d 715).

The damages awarded for past pain and suffering were excessive to the extent indicated (see, Louis v St. Victor, 202 AD2d 479; McLaurin v Ryder Truck Rental, 123 AD2d 671). However, the awards for future pain and suffering and past loss of services do not deviate from what would be reasonable compensation (see, McLaurin v Ryder Truck Rental, supra; Rodriguez v City of New York, 191 AD2d 420; Lengares v B & A Warehousing, 216 AD2d 273; Marr v Forrest, 208 AD2d 908).

The parties' remaining preserved contentions are either without merit or do not warrant reversal. Bracken, J. P., Rosenblatt, Santucci and Joy, JJ., concur.