■ KATHLEEN M. LAPENTA et al., Appellants, v LOCA-BIK LTEE TRANSPORT et al., Respondents. (Appeal No. 1.) [661 NYS2d 132] —Judgment unanimously reversed on the law without costs and new trial granted. Memorandum: Kathleen M. LaPenta (plaintiff) was injured when the automobile she was operating collided with a tractor-trailer as it was backing into the driveway of a parking lot. Thereafter, plaintiff and her husband commenced this action against the owner, defendant Loca-Bik Ltee Transport, and operator, defendant Sylvain Rehel. The jury returned a verdict of no cause of action. Plaintiffs contend that certain errors by Supreme Court require a new trial. We agree.

The court erred in permitting a police officer to testify that he made a notation on the police accident report that a "causing *[sic]* factor for the accident" was plaintiff's "inattention."

The police officer's testimony regarding "the cause of the accident invaded the jury's exclusive province to determine factual issues" (*Van Scooter v 450 Trabold Rd.*, 206 AD2d 865, 866; *see, Stevens v Kirby*, 86 AD2d 391, 396).

The court also erred in admitting the testimony of the police officer that defendant Rehel was not issued a traffic citation in connection with the accident. Evidence that Rehel was not issued a traffic citation may not be admitted to demonstrate the absence of negligence (*see, Franco v Zingarelli*, 72 AD2d 211, 216).

In addition, the court improperly permitted defendants' expert witness to testify that Rehel did not violate any statute or regulation in backing up the tractor-trailer. The application and interpretation of the Vehicle and Traffic Law are for the court to determine (*see, Rodriguez v New York City Hous. Auth.*, 209 AD2d 260).

Although, standing alone, each error may have been harmless (*see*, CPLR 2002), we conclude that the cumulative effect of the errors "substantially impaired [plaintiffs'] rights", requiring a new trial (*Van Scooter v 450 Trabold Rd., supra*, at 866; *see, Rodriguez v New York City Hous. Auth., supra*, at 261).

In light of our determination, we need not consider the other contentions raised by plaintiffs. (Appeal from Judgment of Supreme Court, Erie County, Michalek, J.—Negligence.) Present—Pine, J. P., Lawton, Doerr, Balio and Boehm, JJ.