■ JULIANNE R. STANLEY et al., Appellants, v ANGELO LALLIS et al., Respondents. [668 NYS2d 668] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Orange County (Slobod, J.), entered November 14, 1996, which, after a jury trial on the issue of damages, is in favor of the defendants and against them.

Ordered that the judgment is reversed, on the facts and as a matter of discretion, with costs, and a new trial is granted on the issue of damages only.

The jury's determination that the injured plaintiff, Julianne R. Stanley, did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is contrary to a fair interpretation of the evidence (see, Nicastro v Park, 113 AD2d 129; Fogliani v Salvato, 205 AD2d 581). Following a concession of liability, at the trial on damages, the injured plaintiff testified that she had suffered no back pain prior to her involvement in the accident, in which her car was struck by the defendants' vehicle. Soon after the accident, the injured plaintiff developed lower back pain which radiated down her legs. A magnetic resonance imaging examination indicated a disc herniation in her spine, and a myelogram and computerized axial tomography scan showed bulging of the mid-lumbar discs. At the recommendation of her physician, the injured plaintiff underwent surgery in which approximately three-quarters of an inch of bone and connecting ligaments were removed in order to allow room for

the protruding disc. After the surgery, the injured plaintiff continued to suffer from back pain, and began to experience episodes in which her leg would buckle underneath her, which the plaintiffs' expert attributed to a narrowing in the spinal canal, which could weaken the muscles and cause pain. Although the defendants' expert, who examined the injured plaintiff on two occasions, opined that surgical intervention was not required because the treating physician found only a small bulge, he conceded that the accident could have been a cause of the radiating pain which she suffered, and his testimony did not materially contradict the plaintiffs' proof that the surgery was necessitated by injuries sustained in the accident. A fair interpretation of this evidence warrants a finding that the injured plaintiff suffered a serious injury (*see, Mattei v Kennedy*, 243 AD2d 690; *Walsh v Kings Plaza Replacement Serv.*, 239 AD2d 408).

In light of our decision to grant the plaintiffs a new trial, we need not reach their remaining contentions. Joy, J. P., Krausman, Florio and McGinity, JJ., concur.