■ JOHN E. LITTS, Appellant, v WAYNE PAVING COMPANY, INC., Respondent. (Appeal No. 1.) [689 NYS2d 594] —Appeal unanimously dismissed without costs (*see,* CPLR 5501 [a] [1], [2]). (Appeal from Order of Supreme Court, Oneida County, Buckley, J.—New Trial.) Present—Green, J. P., Lawton, Pigott, Jr., Scudder and Balio, JJ.

■ JOHN E. LITTS, Appellant-Respondent, v WAYNE PAVING COMPANY, INC., Respondent-Appellant. (Appeal No. 2.) [689 NYS2d 840] —Judgment unanimously reversed on the law with costs to plaintiff and new trial granted. Memorandum: Supreme Court abused its discretion in limiting the testimony of plaintiff's expert witness, a traffic and transportation civil engineer and accident reconstructionist. Plaintiff established that the witness possessed the requisite skill, training, education, knowledge and experience to reconstruct the accident and provide technical evidence to the jury to clarify the conflicting evidence concerning the speed of the motorcycle and the operation of the motorcycle and the steam roller. Because plaintiff established that the technical analysis of plaintiff's expert was beyond the ken of the typical juror, the court should have admitted the expert's testimony (*see, Van Scooter v 450 Trabold Rd.,* 206 AD2d 865, 866; *see also, Adamy v Ziriakus,* 231 AD2d 80, 88-89, *affd* 92 NY2d 396). The error may not be deemed harmless. Because the jury was prevented from hearing expert testimony concerning the contested question of the speed of the motorcycle and its operation, plaintiff's rights were substantially impaired (*see, LaPenta v Loca-Bik Ltee Transp.,* 238 AD2d 913, 914; *Rodriguez v New York City Hous. Auth.,* 209 AD2d 260). Consequently, a new trial is required.

The court did not abuse its discretion, however, in refusing to permit plaintiff to introduce into evidence two exhibits concerning the topography of the road that were drawn to differing scales. The court properly determined that those exhibits may have been misleading to the jury. Additionally, the court properly refused to permit plaintiff's expert to render an opinion whether defendant violated provisions of the Vehicle and Traffic Law and applicable regulations (*see, LaPenta v*

*Loca-Bik Ltee Transp., supra,* at 914). Finally, we reject the contention of defendant on its cross appeal that the record establishes as a matter of law that it breached no duty to plaintiff.

In light of our determination granting a new trial, we do not consider plaintiff's remaining contentions. (Appeals from Judgment of Supreme Court, Oneida County, Buckley, J.—Negligence.) Present—Green, J. P., Lawton, Pigott, Jr., Scudder and Balio, JJ.