■ Peter Gubala et al., Respondents, v Terri L. Gee, Appellant. (Appeal No. 1.) [754 NYS2d 504] —Appeal from a judgment of Supreme Court, Erie County (Notaro, J.), entered March 21, 2002, which awarded plaintiffs damages of $380,000, plus interest, costs and disbursements, upon a jury verdict.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the award of damages for past and future loss of services and consortium and as modified the judgment is affirmed without costs, and a new trial is granted on damages for past and future loss of services and consortium only unless plaintiffs, within 20 days of service of a copy of the order of this Court with notice of entry, stipulate to reduce the award of damages for past loss of services and consortium to $15,000 and for future loss of services and consortium to $20,000, in which event the judgment is modified accordingly and as modified the judgment is affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Peter Gubala (plaintiff) when

the vehicle that he was driving was rear-ended by a vehicle driven by defendant. Supreme Court properly granted plaintiffs' motion for a directed verdict on the issue of negligence. "A rear-end collision with a stopped vehicle establishes a prima facie case of [negligence] against the operator of the moving vehicle, requiring the operator to rebut the inference of negligence by coming forward with evidence of some other reasonable cause" (*Tripp v GELCO Corp.*, 260 AD2d 925, 926). Although defendant testified at trial that the accident occurred because plaintiff's vehicle stopped suddenly, she further testified that she did not see plaintiff's vehicle until a "split second" before impact and did not know how long the vehicle had been there. "Drivers must maintain safe distances between their [vehicles] and [vehicles] in front of them * * * and this rule imposes on them a duty to be aware of traffic conditions, including vehicle stoppages" (*Johnson v Phillips*, 261 AD2d 269, 271). Defendant failed to rebut the inference of negligence and thus plaintiffs were entitled to judgment as a matter of law on the issue of negligence (*see Barberena v Budd Enters.*, 299 AD2d 305; *Figueroa v Luna*, 281 AD2d 204, 206; *Shamah v Richmond County Ambulance Serv.*, 279 AD2d 564). We further reject defendant's contention that the jury's finding that plaintiff sustained a serious injury is against the weight of the evidence. Regardless of alleged deficiencies in the testimony of plaintiffs' expert, defendant's expert quantified plaintiff's loss of range of motion (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350) and thus that finding is supported by a fair interpretation of the evidence (*see Mattei v Kennedy,* 243 AD2d 690; *see also Stanley v Lallis*, 247 AD2d 462).

Contrary to defendant's contention, the award of damages of $110,000 for past pain and suffering and $150,000 for future pain and suffering is not excessive (*see Strangio v New York Power Auth.* [appeal No. 2], 275 AD2d 945; *Niles v Shue Roofing Co.*, 244 AD2d 820, 822-823; *Peck v Tired Iron Transp.*, 209 AD2d 979). We agree with defendant, however, that the award of damages of $30,000 for past loss of services and consortium and $40,000 for future loss of services and consortium deviates materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Martino v Triangle Rubber Co.*, 249 AD2d 454; *Lengares v B & A Warehousing*, 216 AD2d 273; *Saltzer v Lutheran Med. Ctr.*, 214 AD2d 554). We modify the judgment, therefore, by vacating the award of damages for past and future loss of services and consortium, and we grant a new trial on damages for past and future loss of services and consortium only unless plaintiffs, within 20 days of service of a copy of the order of this Court with notice of entry, stipulate to reduce the

award of damages for past loss of services and consortium to $15,000 and for future loss of services and consortium to $20,000, in which event the judgment is modified accordingly and as modified affirmed. Present—Pigott, Jr., P.J., Wisner, Hurlbutt, Scudder and Lawton, JJ.