■ ANTHONY J. FRANCO, Appellant, v JAY CEE OF NEW YORK CORP., Respondent, et al., Defendant. [827 NYS2d 143]—

Order, Supreme Court, New York County (Rosalyn Richter, J.), entered on or about May 26, 2005, which denied plaintiff's motion to set aside the jury verdict insofar as it found no liability against defendant Jay Cee on the Labor Law § 241 (6) cause of action, unanimously reversed, on the law, without costs, the motion granted to the extent that the verdict is set aside and the matter remanded for a new trial.

Plaintiff, an apprentice elevator mechanic employed by nonparty Pace Elevator, Inc., was injured during the course of an elevator modernization project at a building owned by defen-

dant Jay Cee of New York Corp. In January 2000, Pace entered into a contract with Jay Cee to convert one of the elevators in the premises from manual operation to automatic. The building had two elevators, installed in 1903, which were configured in an unusual manner in that they shared the same elevator shaft with no separation, and the counterweight for elevator number 1 was directly behind elevator number 2, the elevator to be modernized. On the date of the accident, plaintiff was installing wiring on the top of elevator number 2, with his leg hanging off the rear of the elevator, when the counterweight from elevator number 1 came down against his leg, causing him injury. Prior to plaintiff's accident, a supervising mechanic and another coworker had been hit by a portion of the same counterweight, but were not injured.

Plaintiff commenced the instant action against Jay Cee and TJK, the managing agent, alleging negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6). Following discovery, Jay Cee moved for summary judgment dismissal of the complaint. Insofar as relevant, the motion court (Diane J. Lebedeff, J.) denied the motion with respect to the section 241 (6) cause of action, stating that "the accident does fall squarely within the intended scope and protection of Labor Law Sec. 241 (6), as it incorporates 12 NYCRR 23-2.5 of the Industrial Code." The Industrial Code section to which the court was referring, 12 NYCRR 23-2.5 (b) (3), states: "Where any elevator is being installed, repaired or replaced and persons are working in the shaft, a solid or wire mesh partition shall be provided where necessary to prevent such persons from contacting any adjacent operable elevator or counterweight."

Plaintiff's negligence, section 200 and section 241 (6) claims proceeded to trial, after which the jury found that defendant Jay Cee was not negligent and did not violate Labor Law § 241 (6) on the basis of section 23-2.5 (b) (3).

Thereafter, plaintiff moved to set aside the verdict and for judgment on the Labor Law § 241 (6) cause of action. Alternatively, plaintiff argued that the verdict was against the weight of the evidence. Plaintiff made three arguments in his posttrial motion: that Justice Lebedeff's decision denying Jay Cee's motion for summary judgment on the section 241 (6) cause of action was law of the case that required the trial court to instruct the jury that Jay Cee had violated section 23-2.5 (b) (3) as a matter of law; that the trial court improperly allowed certain defense witnesses to testify regarding their interpretation of section 23-2.5 (b) (3), as well as the Building Code, the Fire Code and the Americans with Disabilities Act; and that the

verdict should be set aside and judgment granted in plaintiff's favor on the section 241 (6) cause of action, with a new trial ordered solely on the issue of comparative negligence and damages. We reverse.

Initially, we reject plaintiff's argument, as to the preclusive effect of Justice Lebedeff's order denying Jay Cee's motion for summary judgment. Plaintiff interprets this ruling as a binding judicial determination that Industrial Code § 23-2.5 (b) (3) applies in this particular case and was violated. We disagree. The denial of Jay Cee's motion for summary judgment established no more than the existence of triable issues of fact (*see Hammond v International Paper Co.*, 178 AD2d 798, 799-800 [1991]). Although Justice Lebedeff's language did evince a belief that section 23-2.5 (b) (3) was applicable, it did not purport to make a definitive ruling on any violation thereof or on Jay Cee's liability under Labor Law § 241 (6). Thus, the law of the case doctrine did not require the trial court to instruct the jury that section 23-2.5 (b) (3) was violated as a matter of law.

However, we agree with plaintiff's claim of error regarding the testimony of certain defense witnesses. Plaintiff contends that the trial court improperly allowed defense witnesses Schindler and Murray, the latter an expert witness, to testify as to the Industrial Code's legal requirements. Specifically, plaintiff objects to their testimony that section 23-2.5 (b) (3) required placement of the partition between the elevator shaftways, and that such placement would have violated the one-inch clearance requirement in the Building Code, thus rendering section 23-2.5 (b) (3) inapplicable under the circumstances. The trial court rejected these arguments, finding that the defense witnesses' testimony "did not alter the plain language of the regulation, but rather offered probative testimony interpreting the term 'where necessary,' which is in the regulation."

Contrary to the trial court's ruling, our review of the defense testimony reveals a misleading and inaccurate view of section 23-2.5 (b) (3). The court permitted Schindler to testify, over plaintiff's objection, that section 23-2.5 (b) (3) required installation of the partition between the elevator shaftways. Murray, the defense expert, similarly testified, albeit without objection, that a partition is customarily installed between the two elevator shaftways. Based on the premise that this is the Code-mandated location for the partition, these witnesses then testified that such a partition was not permissible because it would have violated the Building Code's one-inch clearance requirement for elevator shaftways.

Significantly, however, the language of section 23-2.5 (b) (3)

does not mandate that the partition be placed in any particular location. On the contrary, it simply requires that a solid or wire mesh partition "shall be provided where necessary to prevent [elevator workers] from contacting any adjacent operable elevator." Indeed, plaintiff's expert gave detailed testimony that a temporary partition easily could have been placed on the rear edge of the elevator cab. While plaintiff's expert admitted that he had never seen a partition installed in such manner, and the defense witnesses testified that it would not be effective in any event, the defense testimony was clearly designed to convince the jury that the Code *mandated* that the partition be installed in the elevator shaftway.

Although New York courts permit expert testimony on the question of whether a certain condition or omission was in violation of a statute or regulation (*see Dufel v Green*, 84 NY2d 795 [1995]; *Roux v Caiola*, 254 AD2d 182, 183 [1998], *lv denied* 93 NY2d 803 [1999]), this rule does not authorize expert testimony regarding the meaning and applicability of the law, which is the province of the court (*see Rodriguez v New York City Hous. Auth.*, 209 AD2d 260, 260-261 [1994]). Such testimony is all the more prejudicial when it distorts the meaning of the statute or regulation at issue (*see id.* at 261), as here. Because the testimony of the defense witnesses regarding potential Building Code violations was based, at least in part, on the erroneous premise that section 23-2.5 (b) (3) required a partition between the elevator shaftways, it was improperly admitted and may have improperly influenced the jury's verdict.

For purposes of retrial, we note that in light of Jay Cee's apparent defense that its failure to comply with section 23-2.5 (b) (3) was excusable because the installation of a partition in the shaftway would have violated various provisions of the Fire and Building codes, additional instructions on the defense of impossibility may be required (*cf. Dullard v Berkeley Assoc. Co.*, 606 F2d 890, 893 [2d Cir 1979], citing *Ortiz v Uhl*, 39 AD2d 143, 148 [4th Dept 1972], *affd* 33 NY2d 989 [1974]; *Hammond v International Paper Co.*, 161 AD2d 914, 915 [1990]).

In view of our holding that this evidentiary error requires a new trial, it is unnecessary for us to reach plaintiff's additional arguments in support of setting aside the jury's verdict. Concur—Andrias, J.P., Nardelli, Gonzalez, Sweeny and Catterson, JJ.