■ PAWEL BORUCH, Appellant, v MAREK MORAWIEC, Respondent. [857 NYS2d 103]—

Judgment, Supreme Court, New York County (Michael D. Stallman, J.), entered February 28, 2007, after a jury trial, determining, inter alia, that defendant did not violate Industrial Code (12 NYCRR) § 23-1.12 (c), unanimously affirmed, without costs.

Plaintiff construction worker was injured when his forearm and wrist came into contact with the blade of a miter saw. Although expert testimony on the question of whether a certain condition or omission was in violation of a statute or regulation is permissible (see Franco v Jay Cee of N.Y. Corp., 36 AD3d 445, 448 [2007]), the subject saw was unavailable and could not be examined by plaintiff's expert engineer. As a result, the engineer could not definitely state whether the saw had been equipped with proper, functioning guards that would have prevented the operator from coming into contact with its blade. Under these circumstances, the trial court appropriately limited the engineer's testimony by allowing him to testify regarding the operation of miter saws generally, their component parts, and the meaning of the terms used within the Industrial Code provision.

It cannot be said that the jury could not have reached the verdict on any fair interpretation of the evidence (see Claridge Gardens v Menotti, 160 AD2d 544 [1990]). The deposition testimony of the owner of the saw was that he purchased the saw approximately six months before the accident; that when he brought it to the accident site it was equipped with a clear plastic guard; and that "as of the day of the accident" the guard completely covered the saw blade when it was in the raised position. Moreover, plaintiff's testimony as to how the accident occurred was confusing and at times contradictory. The record provides no basis upon which to disturb the jury's finding that plaintiff had not sustained his burden of proving a violation of 12 NYCRR 23-1.12 (c).

While it was improper for defense counsel to comment, during summation, that the relevant Industrial Code provision was

a "stupid law," the court sustained an objection to the comment and provided an appropriate curative instruction. The instruction promptly cured whatever prejudice plaintiff claims to have suffered from the isolated remark (*compare Brooks v Judlau Contr., Inc.*, 39 AD3d 447, 449 [2007]).

Having failed to object to the verdict sheet at trial, plaintiff's argument that the interrogatories created confusion for the jury is unpreserved. Were we to consider the argument, we would find that the interrogatories were not confusing and were in conformity with the appropriate legal principles conveyed to the jury concerning the liability of a general contractor where there are Industrial Code violations committed by contractors or subcontractors at a work site (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 348-350 [1998]). Concur—Mazzarelli, J.P., Friedman, Sweeny and Moskowitz, JJ.