(April 14, 2015)

■ MARCIA MEYERS, Respondent, v FOUR THIRTY REALTY, Appellant. [8 NYS3d 50]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered October 15, 2013, which, to the extent appealed from as limited by the briefs, granted plaintiff's cross motion to renew, and upon renewal, vacated those parts of a prior order, same court and Justice, entered June 25, 2012, which dismissed plaintiff's claim for treble damages and set the base date rent for plaintiff's rent-stabilized lease at $3,700 per month, plus permissible annual increases, unanimously affirmed, without costs. Order, same court and Justice, entered June 25, 2012, which, to the extent appealed from as limited by the briefs, denied defendant's motion for summary judgment dismissing plaintiff's overcharge causes of action as barred by the statute of limitations, unanimously affirmed, without costs.

Plaintiff tenant brought this action alleging that defendant landlord improperly and fraudulently removed the subject apartment from rent stabilization. Defendant registered the apartment with the Division of Housing and Community Renewal (DHCR) as permanently exempt from rent stabilization due to high rent vacancy deregulation, and did so at a time the building was receiving J-51 tax benefits. Plaintiff seeks, among other things, a declaration that the apartment is rent-stabilized, an injunction directing that she be given a rent-stabilized lease with the proper lawful rent, treble damages for overcharges, and attorneys' fees. As defendant concedes, plaintiff is entitled to a rent-stabilized lease because the building was receiving J-51 tax benefits at the time the apartment was deregulated (*see Roberts v Tishman Speyer Props., L.P.*, 13 NY3d 270 [2009]; *Gersten v 56 7th Ave. LLC*, 88 AD3d 189, 198 [1st Dept 2011] [giving retroactive effect to *Roberts*]).

The motion court properly declined, at this early stage in the proceedings, to determine the base date rent (*see 72A Realty Assoc. v Lucas*, 101 AD3d 401, 402 [1st Dept 2012]). As the motion court found, the DHCR rent history reveals that defendant had previously registered a rental increase from $648.58 to $2,175.22. Defendant contends that this increase was lawful because it reflected the agreed-upon lease rent after the apartment moved out of rent control and into rent stabilization (*see* Rent Stabilization Code [9 NYCRR] § 2521.1). However, the DHCR rent history also contains a notation that this change in rent was the result of, at least in part, unspecified improvements. Further, the record below contains neither the lease from the earlier period nor any other documents explaining the significant increase. Finally, plaintiff alleges that defendant fraudulently removed the unit from rent stabilization while receiving J-51 tax benefits and thereafter failed to file the required annual rent registrations with DHCR.

Under all these circumstances, a determination of the proper base date rent would be premature and must await further discovery "for the limited purpose of determining whether a fraudulent scheme to destabilize the apartment tainted the reliability of the rent on the base date" (*Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin.*, 15 NY3d 358, 367 [2010]; *see* CPLR 3212 [f]). Likewise, absent a fuller record on the fraud issue, it cannot be determined whether plaintiff's overcharge claims are barred by the statute of limitations and whether any such overcharge was willful, entitling plaintiff to treble damages (*see Conason v Megan Holding, LLC*, 25 NY3d 1 [2015]; *72A Realty Assoc.*, 101 AD3d at 402-403). Concur—Gonzalez, P.J., Tom, Richter, Manzanet-Daniels and Kapnick, JJ.