East 17th LLC, Petitioner-Landlord-Respondent, 
against
Kelly McCusker, Respondent-Tenant-Appellant.



Tenant, as limited by her brief, appeals from so much of (1) an order of the Civil Court of the City of New York, New York County (Brenda S. Spears, J.), dated October 2, 2014, as determined the legal regulated rent, dismissed her counterclaims for rent overcharges and attorneys' fees, and denied her cross motion to compel further discovery in a holdover summary proceeding, and (2) a judgment (same court and Judge), entered December 1, 2014, awarding landlord the principal sum of $39,085.




Per Curiam.
Judgment (Brenda S. Spears, J.), entered December 1, 2014, reversed, with $30 costs, tenant's counterclaims for rent overcharges and attorneys' fees reinstated, and matter remanded to Civil Court for further proceedings consistent with this decision. Appeal from order (Brenda S. Spears, J.), dated October 2, 2014, dismissed, without costs, as subsumed in the appeal from the judgment.
The possessory issues underlying this lease expiration holdover proceeding have been resolved, as landlord concedes that the apartment is rent stabilized. The remaining monetary claims, including tenant's rent overcharge counterclaim, are not susceptible to summary disposition, since triable issues are raised as to "whether a fraudulent scheme to destabilize the apartment tainted the reliability of the rent on the base date" (Meyers v Four Thirty Realty, 127 AD3d 501, 502 [2015], quoting Matter of Grimm v State of NY Div. of Hous. & Community Renewal Off. of Rent Admin., 15 NY3d 358, 367 [2010]). In this regard, the rent records show that following a 1999 registration of a stabilized rent of $604.46, no registrations were filed until 2006, when a stabilized rent of $1,627.43 was registered; and in 2010, landlord offered tenant a free market lease at a time it was receiving J-51 tax benefits (see Matter of Grimm v State of NY Div. of Hous. & Community Renewal Off. of Rent Admin., 15 NY3d at 366). Moreover, even assuming the base date rent was proper, triable issues are presented as to whether apartment improvements undertaken by landlord in the period prior to tenant's December 2010 occupancy justified the full rent increase collected.
Inasmuch as the ultimate outcome of this controversy has not been reached, the application for attorneys' fees is premature. However, contrary to the determination of Civil [*2]Court, the lease provision at issue would serve as a basis for tenant's statutory implied right of attorneys' fees in the event she ultimately achieves prevailing party status (see Real Property Law § 234; Graham Ct. Owners Corp. v Taylor, 24 NY3d 742 [2015]).
Tenant is entitled to limited discovery to determine whether there was a fraudulent scheme to deregulate the apartment. However, the document demand, even as limited by counsel's letter, is overbroad. Our disposition is without prejudice to tenant's right to renew her discovery motion upon a proper demand. In view of our disposition, landlord may renew its request for use and occupancy in Civil Court.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 28, 2016