305 Riverside Corp., Petitioner-Landlord-Appellant, 
against
Thomas Sandlow and Joan Neal Sandlow, Respondents-Tenants-Respondents.



Landlord appeals from an order of the Civil Court of the City of New York, New York County, dated March 14, 2016 (Jack Stoller, J.), which denied its motion for summary judgment in a nonpayment summary proceeding.




Per Curiam.
Order (Jack Stoller, J.), dated March 14, 2016, affirmed, with $10 costs.
Landlord's motion for summary judgment was properly denied. The record presents triable issues as to "whether a fraudulent scheme to destabilize the apartment tainted the reliability of the rent on the base date" (Meyers v Four Thirty Realty, 127 AD3d 501, 502 [2015], quoting Matter of Grimm v State of NY Div. of Hous. & Community Renewal Off. of Rent Admin., 15 NY3d 358, 367 [2010]). As the motion court found, landlord increased the 1997 rent of $1,551.40 to over $8,000 in subsequent years, offered tenant Thomas Sandlow a free market lease in 2005, at a rent of $8,750, while landlord was receiving J-51 tax benefits and failed to file annual rent registration statements for the first several years of the tenancy (see Altschuler v Jobman 478/480, LLC, 135 AD3d 439 [2016], lv dismissed 28 NY3d 945 [2016]; 72A Realty Assoc. v Lucas, 101 AD3d 401 [2012]). On these facts, the motion court properly declined, at this early stage of the proceeding, to determine the base date rent (see Meyers v Four Thirty Realty, 127 AD3d at 502).
Landlord's claims that a rent increase was warranted based on individual apartment improvements or an undisclosed vacancy prior to the tenancy at issue are raised for the first time on appeal, and we decline to consider them. Were we to consider them, the claims merely create additional issues of fact requiring further inquiry.
Landlord's contention that tenants should be judicially estopped from challenging the legality of the rent charged on the base date is without merit. While landlord asserts that tenant Thomas Sandow took a contrary position in a prior (Supreme Court) action between the parties, when tenant limited the inquiry to the four-year period on his rent overcharge counterclaim in [*2]that action, the doctrine of judicial estoppel is inapplicable because tenant did not secure a judgment or any formal grant of relief in his favor in said action (see Carr v Caputo, 114 AD3d 62, 71 [2013], lv dismissed 23 NY3d 996 [2014]; Baje Realty Corp. v Cutler, 32 AD3d 307, 310 [2006]). Nor is there any preclusive effect to Supreme Court's denial of landlord's motion for summary judgment. The court did not make any definitive ruling on the merits and its order established no more than the existence of triable issues of fact (see Franco v Jay Cee of NY Corp., 36 AD3d 445, 447 [2007]).
We express no view as to the ultimate outcome of the parties' claims.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concurI concur
Decision Date: February 17, 2017