Queen v Kogut (2019 NY Slip Op 04863)





Queen v Kogut


2019 NY Slip Op 04863


Decided on June 14, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


1480 CA 18-00547

[*1]CYNTHIA DIANE QUEEN, PLAINTIFF-APPELLANT,
v
DAVID J. KOGUT AND SHIRLEY A. KOGUT, DEFENDANTS-RESPONDENTS. 






COLLINS & COLLINS ATTORNEYS, LLC, BUFFALO (A. PETER SNODGRASS OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
SCHNITTER CICCARELLI MILLS, PLLC, WILLIAMSVILLE (MARY FITZGERALD OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from a judgment of the Supreme Court, Erie County (Mark A. Montour, J.), entered September 20, 2017. The judgment awarded plaintiff money damages upon a jury verdict. 
It is hereby ORDERED that the judgment so appealed from is unanimously vacated without costs and the order entered January 4, 2017 is modified on the law by vacating the third ordering paragraph and inserting in place thereof "ORDERED, that the motion is granted insofar as it seeks to set aside the verdict and a new trial with respect to damages for past pain and suffering" and as modified the order is affirmed, and a new trial is granted on damages for past pain and suffering only unless defendants, within 30 days of service of a copy of the order of this Court with notice of entry, stipulate to increase the award of damages for past pain and suffering to $125,000, in which event the order is modified accordingly and as modified the order is affirmed.
Memorandum: Plaintiff commenced this action seeking damages for personal injuries she allegedly sustained when she was struck by a vehicle operated by Shirley A. Kogut (defendant) and owned by her husband, defendant David J. Kogut. After a trial, the jury found plaintiff and defendant negligent and apportioned liability for the accident 30% to defendant and 70% to plaintiff. The jury awarded plaintiff $25,000 for past pain and suffering and $125,000 for future pain and suffering. Plaintiff moved pursuant to CPLR 4404 (a) to set aside the jury verdict as against the weight of the evidence or in the interest of justice and for a new trial on all issues. In the alternative, plaintiff sought, inter alia, additur. Supreme Court granted the motion insofar as it sought to increase the damages award with respect to past pain and suffering and increased that award from $25,000 to $125,000, but otherwise denied the motion. Plaintiff appeals.
We agree with plaintiff that the court erred in permitting defendant to testify that she was not issued a traffic ticket after the accident. It is well established that "[e]vidence of nonprosecution is inadmissible in a civil action" (Kamenov v Northern Assur. Co. of Am., 259 AD2d 958, 959 [4th Dept 1999]; see LaPenta v Loca-Bik Ltee Transp., 238 AD2d 913, 914 [4th Dept 1997]). In our view, however, that was the only error during trial (cf. LaPenta, 238 AD2d at 914). We conclude that, "standing alone" (id.), the error was harmless, and therefore the court properly denied the motion insofar as it sought to set aside the jury verdict and a new trial on all issues (see CPLR 2002).
Plaintiff further contends that the jury's damages award for pain and suffering materially deviated from what would be reasonable compensation for plaintiff's injuries and that the deviation was not cured by the court's increase of the award for past pain and suffering. We reject that contention. We conclude that the court properly determined that the jury's verdict for past pain and suffering should be increased to $125,000 and that the award for future pain and [*2]suffering did not materially deviate from what would be reasonable compensation for plaintiff's injuries (see CPLR 5501 [c]). The court, however, erred in unconditionally increasing the past pain and suffering award. " [T]he proper procedure when a damages award is inadequate is to order a new trial on damages unless [a] defendant stipulates to the increased amount' " (Winiarski v Harris [appeal No. 2], 78 AD3d 1556, 1558 [4th Dept 2010]). We therefore vacate the judgment and modify the order entered January 4, 2017 accordingly.
Entered: June 14, 2019
Mark W. Bennett
Clerk of the Court