Meyers v Four Thirty Realty, LLC (2019 NY Slip Op 04883)





Meyers v Four Thirty Realty, LLC


2019 NY Slip Op 04883


Decided on June 18, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 18, 2019

Gische, J.P., Webber, Kahn, Kern, JJ.


9651 116747/10

[*1]Marcia Meyers, Plaintiff-Appellant,
v
Four Thirty Realty, LLC, Defendant-Respondent.


Sokolski & Zekaria, P.C., New York (Daphna Zekaria of counsel), for appellant.
Horing Welikson & Rosen, P.C., Williston Park (Niles C. Welikson of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered July 5, 2018, which granted defendant's motion for summary judgment declaring the subject apartment exempt from rent regulation and dismissing the balance of the complaint, declared the apartment exempt from rent regulation, and dismissed the complaint in its entirety, unanimously reversed, on the law, the motion denied, and the declaration vacated.
The court providently exercised its discretion in permitting defendant to make a third motion for summary judgment after the conclusion of discovery that was found necessary by this Court in a prior appeal (Meyers v Four Thirty Realty, 127 AD3d 501, 502 [1st Dept 2015]; see Forte v Weiner, 214 AD2d 397, 398 [1st Dept 1995], lv dismissed 86 NY2d 885 [1995]). On the instant motion, defendant submitted an order issued by the Division of Housing and Community Renewal (DHCR) in February 1995, which it claims was newly discovered, allowing for deregulation of the apartment upon the expiration of the then existing lease.
In the prior appeal brought by defendant, we determined that, as defendant conceded, plaintiff is entitled to a rent-stabilized lease because the building was receiving J—51 tax benefits at the time the apartment was deregulated, but absent a fuller record, any determination of the proper base date rent was premature (127 AD3d at 501, 502). Defendant did not seek to appeal that determination.
The 1995 order was available to defendant, regardless of whether it actually knew about it. Even accepting defendant's claim, that it was unaware of the 1995 order when it made that concession or filed its prior appeal, we perceive no public policy or other reason to disregard defendant's decision to concede the issue (see Martin v City of Cohoes, 37 NY2d 162, 165 [1975]; Kent v Bedford Apts. Co., 237 AD2d 140 [1st Dept 1997]). Defendant had a full and fair opportunity to litigate whether the apartment was properly deregulated, and elected to concede that it was subject to rent stabilization.
Not only are the parties bound by our prior order on the issue of the apartment's regulated status, there were no extraordinary circumstances that would have permitted the motion court to disregard our order (Carmona v Mathisson, 92 AD3d 492, 492-493 [1st Dept 2012]). Under [*2]these circumstances, we need not consider whether the parties are otherwise bound by DHCR's erroneous 1995 order.
We have considered defendant's other arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 18, 2019
CLERK