Stafford v A&E Real Estate Holdings, LLC (2020 NY Slip Op 06875)





Stafford v A&E Real Estate Holdings, LLC


2020 NY Slip Op 06875


Decided on November 19, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 19, 2020

Before: Webber, J.P., González, Scarpulla, Shulman, JJ. 


Index No. 655500/16 Appeal No. 12441 Case No. 2019-04602 

[*1]John Stafford et al., Plaintiffs-Respondents,
v
A&E Real Estate Holdings, LLC, et al., Defendants-Appellants, John Arrillaga, Jr., et al., Defendants.


Stroock & Stroock & Lavan LLP, New York (James L. Bernard of counsel), for appellants.
Newman Ferrara LLP, New York (Roger A. Sachar of counsel), for respondents.



Order, Supreme Court, New York County (Joel M. Cohen, J.), entered October 11, 2019, which, inter alia, denied so much of defendants' motion to dismiss the first, second and third causes of action as against A&E Real Estate Holdings, LLC and A&E Real Estate Management, LLC, unanimously affirmed, without costs.
We affirm the denial of defendants' motion to dismiss the complaint as untimely, albeit on other grounds. Matter of Regina Metro Co., LLC v New York State Div. of Hous. & Community Renewal (35 NY3d 332 [2020]), which was decided after the motion court's [*2]decision, and its progeny reflect that, under the applicable pre-HSTPA law, rent overcharge claims are generally subject to a four-year statute of limitations, although the parties may look back farther than four years where there is evidence of fraudulent conduct on the part of the defendant building owner (Fuentes v Kwik Realty, LLC, 186 AD3d 435 [1st Dept 2020]). Here, as to the contested 62 of 68 plaintiffs at issue, the complaint sufficiently alleges "indicia of fraud" to warrant consideration of the rental history beyond the four-year statutory period (see Butterworth v 281 St. Nicholas Partners, LLC, 160 AD3d 434 [1st Dept 2018] [registration failures coupled with rent spikes demonstrated substantial indicia of fraud]; see also Kreisler v B-U Realty Corp., 164 AD3d 1117 [1st Dept 2018], lv denied 32 NY3d 1090 [2018]). Finally, at this juncture, absent the development of a fuller record on the alleged fraud issue, it cannot be determined as a matter of law, that any or some of plaintiffs' overcharge claims are barred by the statute of limitations (see e.g. Meyers v Four Thirty Realty, 127 AD3d 501 [1st Dept 2015]).
We have considered defendants' remaining arguments, including that the motion court erred in determining that plaintiffs can meet the requirements of class certification, and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 19, 2020