■ VIRGINIA L. GUNNARSON, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 62631.) — Appeal from an interlocutory judgment of the Court of Claims (Amann, J.), dated April 6, 1982, which following the liability portion of a bifurcated trial, found that the personal injuries sustained by claimant while she was a patient at Pilgrim Psychiatric Center resulted from the negligence of defendant, and ordered an assessment of damages. Interlocutory judgment affirmed, with costs. The claimant, a heavy smoker, burned herself while lighting a cigarette in a coat room at Pilgrim Psychiatric Center, where she was an involuntary patient. At the time of her injuries she had been under sedation for almost two weeks. The record indicates that the claimant was not searched upon admission and that, throughout her hospital stay, she possessed a cigarette lighter which she used to light her own cigarettes, both contrary to hospital rules and procedure. We agree with the trial court that, under the circumstances the State was negligent in allowing the patient, a paranoid schizophrenic taking substantial medication, to retain possession of the cigarette lighter, an instrument agreed by witnesses from both sides to be potentially dangerous. While there was significant testimony as to whether the attending psychiatrist prescribed the appropriate medication and dosage, this case does not involve the issue of proper medical judgment (cf. *Bell v New York City Health & Hosps. Corp.,* 90 AD2d 270). Rather, the testimony regarding the medication prescribed was only relevant in evaluating the totality of the circumstances in the ultimate determination of whether the State was negligent as a result of the failure of the hospital staff to comply with its own rules and proceedings. At the trial, the claimant's expert testified from his own independent professional experience as to the use and effects of the drug Haldol which had been administered to the claimant during her hospital stay. Thereafter, the claimant sought to introduce into evidence those pages of the Physician's Desk Reference (PDR) which referred to the use and various side effects of Haldol. The State objected on the ground that the claimant had failed to lay a proper foundation and the trial court sustained said objection. After the expert testified that the PDR reference book was commonly used by

physicians in prescribing drugs, the court admitted those pertinent pages of the PDR over the State's renewed objection. Although, as the State correctly argues on appeal, this evidence was clearly hearsay, at no point during the trial did it object on that specific ground. Hence, the issue was not preserved for our review as a matter of law (CPLR 5501, subd [a], par 3; 10 Carmody-Wait 2d, NY Prac, § 70:418, p 689). Finally, the trial court was correct in its conclusion that, in this case, the claimant's conduct was not culpable. Lazer, J. P., O'Connor, Bracken and Brown, JJ., concur.