■ ALEDIA GIVENS, as Administratrix and Individually as Parent of STEPHNE J. GIVENS, Deceased, Respondent, v ROCHESTER CITY SCHOOL DISTRICT, Appellant, et al., Defendants. (Appeal No. 1.) [741 NYS2d 635] —Appeal from an amended judgment of Supreme Court, Monroe County (Lunn, J.), entered March 19, 2001, upon a special jury verdict rendered in favor of plaintiff and against, inter alia, defendant Rochester City School District.

It is hereby ordered that the amended judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the award of damages for conscious pain and suffering and as modified the amended judgment is affirmed without costs, and a new trial is granted on damages for conscious pain and suffering only unless plaintiff, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to reduce the award of damages for conscious pain and suffering to $300,000 in which event the amended judgment is modified accordingly and as modified the amended judgment is affirmed without costs.

Memorandum: Rochester City School District (RCSD) appeals from an amended judgment entered upon a special jury verdict awarding plaintiff $1 million for the conscious pain and suffering of her daughter, who was stabbed to death by another student on school grounds. The jury apportioned fault between RCSD and the assailant, finding that plaintiff's decedent was not at fault.

We agree with RCSD that the award of $1 million for conscious pain and suffering deviates materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Rodd v Luxfer USA Ltd.*, 272 AD2d 535; *Donofrio v Montalbano*, 240 AD2d 617; *Glassman v City of New York*, 225 AD2d 658; *see also DeLong v County of Erie*, 89 AD2d 376, 385, *affd* 60 NY2d 296; *Portaro v Gerber*, 217 AD2d 539, 541). Within five minutes of being stabbed, plaintiff's decedent collapsed and lost consciousness. Less than one hour later, she was pronounced dead. In our view, an award of $300,000 for decedent's con-

scious pain and suffering is the maximum amount the jury could have awarded as a matter of law. We modify the amended judgment, therefore, by vacating the award of damages for conscious pain and suffering, and we grant a new trial on damages for conscious pain and suffering only unless plaintiff, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to reduce the award of damages for conscious pain and suffering to $300,000, in which event the amended judgment is modified accordingly and as modified affirmed.

None of RCSD's remaining contentions is preserved for our review. RCSD contends that Supreme Court erred in failing to instruct the jury on implied assumption of risk. RCSD, however, did not request that instruction, join in a codefendant's request for that instruction, or object to the court's failure to give that instruction (*see* CPLR 4017, 4110-b, 5501 [a] [3]). RCSD further contends that the verdict finding no contributory negligence on the part of plaintiff's decedent is against the weight of the evidence and that the court therefore erred in denying its motion to set aside the verdict (*see* 4404 [a]). RCSD, however, did not move to set aside the verdict on that ground (*see Nitzke v Loveland*, 188 AD2d 1058, 1059; *Nelson v Times Sq. Stores Corp.*, 110 AD2d 691, *appeal dismissed* 67 NY2d 645). RCSD contends that the court erred in submitting the issue of constructive notice to the jury. RCSD, however, did not move for a directed verdict on that issue (*see* 4401) or otherwise object to the submission of that issue to the jury (*see* 4017, 5501 [a] [3]). Rather, RCSD sought a directed verdict dismissing the complaint on the ground that the assailant did not have a history of violence. That motion was properly denied by the court based on testimony that RCSD was warned of the impending fight shortly before it occurred. RCSD contends that it was entitled during deliberations to review the partially completed special verdict sheet before it was returned to the jury to be completed. RCSD, however, never made such a request or objected to the action taken by the court (*see* 4017, 5501 [a] [3]). Present—Pigott, Jr., P.J., Hayes, Wisner, Scudder and Kehoe, JJ.