■ WILLIAM J. RIOLO, JR., Respondent, v JOHN GOGGIN, Appellant. (Appeal No. 1.) [765 NYS2d 300] —Appeal from an order of Supreme Court, Herkimer County (Kirk, J.), entered July 1, 2002, which denied defendant's motion to set aside the verdict or, in the alternative, a new trial.

■ WILLIAM J. RIOLO, JR., Respondent, v JOHN GOGGIN, Appellant. (Appeal No. 2.) [765 NYS2d 129] —Appeal from a judgment (denominated order) of Supreme Court, Herkimer County (Kirk, J.), entered July 19, 2002, which awarded plaintiff $301,060 after a jury trial.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the award of damages for past pain and suffering and as modified the judgment is affirmed without costs, and a new trial is granted on damages for past pain and suffering only unless plaintiff, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to reduce the award of damages for past pain and suffering to $100,000, in which event the judgment is modified accordingly and as modified the judgment is affirmed without costs.

Memorandum: Defendant appeals from a judgment (denominated order) entered upon a jury verdict awarding plaintiff damages for injuries he sustained in an automobile accident. The jury found that plaintiff sustained a serious injury under the 90/180 category of serious injury (see Insurance Law § 5102 [d]). Because it "would not be utterly irrational for a jury to reach the result it has determined upon," we reject defendant's contention that the verdict is not supported by legally sufficient evidence (Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]). Nitti v Clerrico (98 NY2d 345, 356 [2002]), cited by de-

fendant, is distinguishable inasmuch as the expert in that case admitted that the tests he administered "were subjective in nature as they were dependent, at least in part, on plaintiff's complaints of pain." Plaintiff's expert here made no such admission and, indeed, indicated that his diagnosis was confirmed by objective findings that were "quantitated and documented."

The further contention of defendant that the verdict is against the weight of the evidence is not preserved for our review (see Givens v Rochester City School Dist., 294 AD2d 898, 899 [2002]; Nitzke v Loveland, 188 AD2d 1058, 1059 [1992]). In any event, we conclude that the verdict is not "palpably wrong" (Petrovski v Fornes, 125 AD2d 972, 973 [1986], lv denied 69 NY2d 608 [1987]; see Mohamed v Cellino & Barnes, 300 AD2d 1116, 1117 [2002], lv denied 99 NY2d 510 [2003]).

We agree with defendant, however, that the award of $300,000 for past pain and suffering deviates materially from what would be reasonable compensation for plaintiff's injuries (see CPLR 5501 [c]). We conclude that an award of $100,000 for plaintiff's past pain and suffering is the maximum amount the jury could have awarded as a matter of law (see generally Givens, 294 AD2d at 898-899). Thus, we modify the judgment by vacating the award of damages for past pain and suffering, and we grant a new trial on damages for past pain and suffering only unless plaintiff, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to reduce the award of damages for past pain and suffering to $100,000, in which event the judgment is modified accordingly and as modified the judgment is affirmed. We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Green, J.P., Wisner, Gorski and Lawton, JJ.