■ THOMAS S. KOLBERT, Individually and as Executor of VICTORIA POPIELSKI, Deceased, Respondent, v MAPLEWOOD HEALTHCARE CENTER, INC., Appellant. [801 NYS2d 668]— .

Appeal from a judgment of the Supreme Court, Erie County (John A. Michalek, J.), entered September 3, 2004 in a personal injury action. The judgment, upon a jury verdict, awarded plaintiff $1,500,000, together with interest, costs and disbursements.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by granting the posttrial motion and setting aside the award of damages and as modified the judgment is affirmed without costs, and a new trial is granted on damages only unless plaintiff, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to reduce the award of damages to $500,000, in which event the judgment is modified accordingly and as modified the judgment is affirmed without costs.

Memorandum: Defendant appeals from a judgment awarding plaintiff damages for the conscious pain and suffering of plaintiff's decedent while decedent was a patient in defendant's nursing home. Defendant contends that the evidence is legally insufficient to support two of plaintiff's three theories of negligence and that reversal is required on the ground that Supreme Court instructed the jury to return a general verdict rather than a special verdict with respect to each theory of negligence. We reject that contention. Even assuming, arguendo, that plaintiff advanced three separate theories of negligence, we conclude that each is supported by legally sufficient evidence, i.e., "there is a valid line of reasoning and

permissible inferences that could lead rational persons to the conclusion reached by the jury [with respect to each theory of negligence] based upon the evidence presented at trial" (*Guthrie v Overmyer*, 19 AD3d 1169, 1170 [2005]; *see generally Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). Thus, "in the absence of prejudice to plaintiff, there is no need to reverse as a result of the court's failure to submit a special verdict sheet" (*Blanchard v Whitlark*, 286 AD2d 925, 926 [2001]; *see Kelly v City of New York*, 6 AD3d 188, 189 [2004]; *Albury v Bronx Cross-County Med. Group Clinton Ctr.*, 209 AD2d 293 [1994], *lv denied* 85 NY2d 804 [1995]; *cf. Davis v Caldwell*, 54 NY2d 176, 178 [1981]). Also contrary to defendant's contention, the verdict is not "palpably wrong" and therefore is not against the weight of the evidence (*Petrovski v Fornes*, 125 AD2d 972, 973 [1986], *lv denied* 69 NY2d 608 [1987]; *see Riolo v Goggin* [appeal No. 2], 309 AD2d 1199, 1200 [2003]).

Defendant further contends that plaintiff's expert invaded the province of the court by testifying with respect to the meaning and applicability of a New York State regulation imposing a standard of care upon defendant. That contention is not preserved for our review (*see* CPLR 5501 [a] [3]; *Soto v Montanez*, 201 AD2d 876, 876-877 [1994]) and, in any event, is lacking in merit. The expert referred to an unspecified regulation concerning the hydration of patients and testified that defendant's employees improperly failed to ensure that decedent was properly hydrated. The court thereafter properly instructed the jury with respect to the applicability of the regulation concerning hydration, i.e., 10 NYCRR 415.12 (j), and instructed the jury that it could consider that regulation in determining whether defendant was negligent (*cf. Litts v Wayne Paving Co.* [appeal No. 2], 261 AD2d 906, 906-907 [1999]; *LaPenta v Loca-Bik Ltee Transp.*, 238 AD2d 913 [1997]).

We agree with defendant, however, that the award of $1,500,000 for decedent's conscious pain and suffering deviates materially from what would be reasonable compensation (*see* CPLR 5501 [c]). In our view, an award of $500,000 for decedent's conscious pain and suffering is the maximum amount the jury could have awarded as a matter of law (*see generally Givens v Rochester City School Dist.*, 294 AD2d 898, 898-899 [2002]). Thus, we modify the judgment accordingly, and we grant a new trial on damages only unless plaintiff, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to reduce the award of damages to $500,000, in which event the judgment is modified accordingly. Present—Green, J.P., Scudder, Kehoe, Smith and Lawton, JJ.