ESTATE OF ANGELICA PESANTE, Deceased, by EVELYN PESANTE, as Administrator, Respondent, v EMMANUEL MUNDELL, Appellant. (Appeal No. 1.) [829 NYS2d 390]—

Appeal from an amended judgment of the Supreme Court, Seneca County (W. Patrick Falvey, A.J.), entered September 20, 2005 in a personal injury and wrongful death action. The amended judgment, upon a jury verdict, awarded $154,025.86 in favor of plaintiff and against defendant.

It is hereby ordered that the amended judgment so appealed from be and the same hereby is unanimously modified on the law by granting the posttrial motion in part, setting aside the award of damages and dismissing the claim for future pecuniary loss against defendant and as modified the amended judgment is affirmed without costs, and a new trial is granted on damages for pain and suffering only unless plaintiff, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to reduce the award of damages for pain and suffering to $350,000, in which event the amended judgment is modified accordingly and as modified the amended judgment is affirmed without costs.

Memorandum: Evelyn Pesante (Pesante), as administrator of the estate of her four-year-old daughter (decedent), commenced this action seeking damages for the pain and suffering and wrongful death of decedent. Decedent and her half brothers had been placed as foster children in the home of defendants Susan Mundell and Melvin Mundell. Decedent sustained severe injuries, including a lacerated and ruptured liver, on an occasion when she and her siblings were in the care of defendant Emmanuel Mundell, their 13-year-old foster brother. Decedent received no medical attention at that time, and she eventually became disoriented. She fell down the stairs the following morning, apparently having passed out from a loss of blood, and she was unconscious when she thereafter received medical attention. She died that day, and an autopsy revealed that she had sustained a closed head injury and had significant bruising. The autopsy further revealed that the liver injury had caused approximately one third of her blood to drain into her abdominal

cavity. Emmanuel, who at the time of decedent's death weighed approximately 180 pounds, stated that he had accidentally fallen on decedent. According to another foster child in the home, however, Emmanuel "tackled [decedent] from behind, and she went forward onto the bed, and she folded over it and the bed broke."

The jury awarded plaintiff $500,000 for decedent's pain and suffering and it awarded Pesante $250,000 for her future pecuniary loss for the wrongful death of decedent, apportioning 90% of the fault among the Mundell defendants and the remaining 10% of the fault to defendant County of Seneca, which had settled. We agree with the Mundell defendants that the award of damages for pain and suffering deviates materially from what would be reasonable compensation and thus that Supreme Court erred in denying that part of their posttrial motion pursuant to CPLR 4404 (a) seeking to set aside that award (see CPLR 5501 [c]; *Kolbert v Maplewood Healthcare Ctr., Inc.*, 21 AD3d 1301, 1302 [2005]). Contrary to the contention of the Mundell defendants, the jury was entitled to consider the terror and suffering of decedent during and after the incident as well as decedent's physical pain in determining the award of damages for pain and suffering (see *DeLong v County of Erie*, 89 AD2d 376, 385 [1982], *affd* 60 NY2d 296 [1983]). Nevertheless, we conclude that an award of $350,000 for decedent's pain and suffering is the maximum amount the jury could have awarded as a matter of law (see generally *Kolbert*, 21 AD3d at 1302).

We further agree with the Mundell defendants that the court erred in denying that part of their posttrial motion with respect to the award of damages for Pesante's future pecuniary loss resulting from the wrongful death of decedent. Damages for wrongful death are limited to "fair and just compensation for the pecuniary injuries resulting from the decedent's death to the persons for whose benefit the action is brought" (EPTL 5-4.3 [a]). "In determining whether an estate beneficiary may reasonably expect to sustain pecuniary loss as a result of the decedent's death and, therefore, has a cognizable claim for compensation, it is, of course, relevant whether the decedent would have been legally obligated to support the beneficiary and, if not, whether there is any evidence that the decedent would have volunteered to do so" (*Public Adm'r of Kings County v U.S. Fleet Leasing of N.Y.*, 159 AD2d 331, 331 [1990]). Here, it is uncontroverted that decedent had been placed in foster care based on Pesante's neglect of decedent. Indeed, Pesante had admitted that, before decedent was removed from her home and placed in foster care, decedent had sustained a broken leg, she

had been burned, and she had not been provided with adequate food and shelter. In addition, Pesante lost custody of decedent's brothers because of her continuing neglect of those children. Under the circumstances of this case, we agree with the Mundell defendants that Pesante failed to establish the existence of "circumstances to indicate that [Pesante] had a reasonable expectation of future assistance from decedent" (*Moyer v State of New York*, 175 AD2d 607, 608 [1991]), and thus Pesante failed to establish that she is entitled to damages for future pecuniary loss as a result of decedent's death.

We therefore modify the amended judgment in each appeal accordingly, and we grant a new trial in each appeal on damages for pain and suffering only unless plaintiff, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to reduce the award of damages for pain and suffering to $350,000, in which event the amended judgment in each appeal is modified accordingly. We have considered the remaining contentions of the Mundell defendants and conclude that they are moot in light of our determination, or they are lacking in merit. Present—Scudder, P.J., Hurlbutt, Gorski, Martoche and Smith, JJ.