had been burned, and she had not been provided with adequate food and shelter. In addition, Pesante lost custody of decedent's brothers because of her continuing neglect of those children. Under the circumstances of this case, we agree with the Mundell defendants that Pesante failed to establish the existence of "circumstances to indicate that [Pesante] had a reasonable expectation of future assistance from decedent" (*Moyer v State of New York*, 175 AD2d 607, 608 [1991]), and thus Pesante failed to establish that she is entitled to damages for future pecuniary loss as a result of decedent's death.

We therefore modify the amended judgment in each appeal accordingly, and we grant a new trial in each appeal on damages for pain and suffering only unless plaintiff, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to reduce the award of damages for pain and suffering to $350,000, in which event the amended judgment in each appeal is modified accordingly. We have considered the remaining contentions of the Mundell defendants and conclude that they are moot in light of our determination, or they are lacking in merit. Present—Scudder, P.J., Hurlbutt, Gorski, Martoche and Smith, JJ.

■ ESTATE OF ANGELICA PESANTE, Deceased, by EVELYN PESANTE, as Administrator, Respondent, v SUSAN MUNDELL, Appellant. (Appeal No. 2.) [827 NYS2d 922]—Appeal from an amended judgment of the Supreme Court, Seneca County (W. Patrick Falvey, A.J.), entered September 20, 2005 in a personal injury and wrongful death action. The amended judgment, upon a jury verdict, awarded $373,075.71 in favor of plaintiff and against defendant.

It is hereby ordered that the amended judgment so appealed from be and the same hereby is unanimously modified on the law by granting the posttrial motion in part, setting aside the award of damages and dismissing the claim for future pecuniary loss against defendant and as modified the amended judgment is affirmed without costs, and a new trial is granted on damages for pain and suffering only unless plaintiff, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to reduce the award of damages for pain and suffering to $350,000, in which event the amended judgment is modified accordingly and as modified the amended judgment is affirmed without costs.

Same memorandum as in *Estate of Pesante v Mundell* (37 AD3d 1173 [2007]). Present—Scudder, P.J., Hurlbutt, Gorski, Martoche and Smith, JJ.

■ ESTATE OF ANGELICA PESANTE, Deceased, by EVELYN PESANTE, as Administrator, Respondent, v MELVIN MUNDELL, Ap-

pellant. (Appeal No. 3.) [827 NYS2d 923]—Appeal from an amended judgment of the Supreme Court, Seneca County (W. Patrick Falvey, A.J.), entered September 20, 2005 in a personal injury and wrongful death action. The amended judgment, upon a jury verdict, awarded $373,075.71 in favor of plaintiff and against defendant.

It is hereby ordered that the amended judgment so appealed from be and the same hereby is unanimously modified on the law by granting the posttrial motion in part, setting aside the award of damages and dismissing the claim for future pecuniary loss against defendant and as modified the amended judgment is affirmed without costs, and a new trial is granted on damages for pain and suffering only unless plaintiff, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to reduce the award of damages for pain and suffering to $350,000, in which event the amended judgment is modified accordingly and as modified the amended judgment is affirmed without costs.

Same memorandum as in *Estate of Pesante v Mundell* (37 AD3d 1173 [2007]). Present—Scudder, P.J., Hurlbutt, Gorski, Martoche and Smith, JJ.

■ MARK DEANGELIS, Respondent-Appellant, v MIRCEA PROTOPOPESCU, Appellant-Respondent. (Appeal No. 1.) [827 NYS2d 924]—Appeal and cross appeal from an order of the Supreme Court, Monroe County (Harold L. Galloway, J.), entered June 30, 2005 in a personal injury action. The order granted in part plaintiff's motion to set aside the verdict and for a new trial on damages only.

It is hereby ordered that said appeal and cross appeal be and the same hereby are unanimously dismissed without costs (*see Smith v Catholic Med. Ctr. of Brooklyn & Queens*, 155 AD2d 435 [1989]; *see also* CPLR 5501 [a] [1], [2]). Present—Scudder, P.J., Hurlbutt, Gorski, Martoche and Smith, JJ.

■ MARK DEANGELIS, Respondent-Appellant, v MIRCEA PROTOPOPESCU, Appellant-Respondent. (Appeal No. 2.) [827 NYS2d 919]—Appeal and cross appeal from an order of the Supreme Court, Monroe County (Harold L. Galloway, J.), entered August 23, 2005 in a personal injury action. The order, upon a jury verdict, granted judgment in favor of plaintiff and against defendant for past medical expenses.

It is hereby ordered that said appeal and cross appeal be and the same hereby are unanimously dismissed without costs (*see Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988 [1988]; *see also* CPLR 5501 [a] [1]). Present—Scudder, P.J., Hurlbutt, Gorski, Martoche and Smith, JJ.