JEREMY HOMAN, Respondent, v JULIE HERZIG, Appellant. (Appeal No. 1.) [864 NYS2d 368]—Appeal from an order of the Supreme Court, Jefferson County (Joseph D. McGuire, J.), entered November 29, 2006 in a personal injury action. The order, insofar as appealed from, denied those parts of the motion of defendant to set aside the jury verdict with respect to liability and past loss of earnings.

Appeal from a judgment of the Supreme Court, Jefferson County (Joseph D. McGuire, J.), entered June 15, 2007 in a personal injury action. The judgment awarded plaintiff money damages of $783,225.51 after a jury trial.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he fell from his motorcycle while attempting to avoid colliding with a vehicle allegedly operated by defendant as it made a left-hand turn in front of him. Supreme Court properly denied defendant's motion for judgment as a matter of law at the close of plaintiff's proof at the trial on liability. We reject the contention of defendant that the evidence of negligence was based on impermissible speculation. Plaintiff demonstrated " 'facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred' " (*Schneider v Kings Hwy. Hosp. Ctr.,* 67 NY2d 743, 744 [1986]). We thus conclude that the evidence, viewed in the light most favorable to plaintiff, established that there was a rational process by which the jury could base a finding in favor of plaintiff (*see Szczerbiak v Pilat,* 90 NY2d 553, 556 [1997]). To the extent that defendant contends that the verdict on liability is against the weight of the evidence, that contention is not preserved for our

review because she failed to make a timely motion to set aside the verdict on that ground (*see Riolo v Goggin* [appeal No. 2], 309 AD2d 1199, 1200 [2003]; *Givens v Rochester City School Dist.,* 294 AD2d 898, 899 [2002]; *see also Skowronski v Mordino,* 4 AD3d 782 [2004]). In any event, it cannot be said that " 'the preponderance of the evidence in favor of [defendant] is so great that the verdict could not have been reached upon any fair interpretation of the evidence' " (*Ruddock v Happell,* 307 AD2d 719, 720 [2003]; *see Lolik v Big V Supermarkets,* 86 NY2d 744, 746 [1995]). Defendant's further contention that the award of damages for past and future pain and suffering deviates materially from what would be reasonable compensation is not preserved for our review because defendant moved to set aside the verdict only with respect to damages for future medical and rehabilitation services and past loss of earnings (*see Smetanick v Erie Ins. Group,* 16 AD3d 957, 958 [2005]). Present—Hurlbutt, J.P., Centra, Peradotto, Green and Gorski, JJ.