■ MORGAN T. PALMER, Appellant, v CSX TRANSPORTATION, INC., Respondent. (Appeal No. 1.) [890 NYS2d 884]—

Present—Smith, J.P., Centra, Fahey, Carni and Pine, JJ.

■ MORGAN T. PALMER, Appellant, v CSX TRANSPORTATION, INC., Respondent. (Appeal No. 2.) [892 NYS2d 704]—

Memorandum: Plaintiff commenced this action pursuant to

the Federal Employers' Liability Act ([FELA] 45 USC § 51 *et seq.*) seeking damages for injuries he sustained when his leg became entangled in a chain and he fell from a freight train operated by defendant, his employer. Following a jury trial, the jury rendered a verdict finding defendant 20% liable for the accident and awarding plaintiff damages in the total amount of $207,000, but awarding no damages for future pain and suffering or future lost wages. We agree with plaintiff that Supreme Court erred in denying that part of his post-trial motion to set aside the verdict with respect to damages for future pain and suffering. We conclude on the record before us that the jury's failure to award any damages for future pain and suffering was " 'so grossly and palpably inadequate as to shock the [judicial] conscience' " (*Matter of Brooklyn Navy Yard Asbestos Litigation*, 971 F2d 831, 853 [1992]), "the applicable federal standard of review for damages awards in FELA cases" (*Cruz v Long Is. R.R. Co.*, 22 AD3d 451, 454 [2005], *lv denied* 6 NY3d 703 [2006]; *see Hotaling v CSX Transp.*, 5 AD3d 964, 970 [2004]). Plaintiff presented uncontroverted medical evidence that his ankle injury resulted in a permanent partial disability that will continue to cause him pain and that he is likely to develop painful arthritis in the future. Plaintiff also testified that he is no longer able to participate in recreational activities that he enjoyed prior to the accident because of his ankle injury (*see Simmons v Dendis Constr.*, 270 AD2d 919, 920 [2000]). Based on that evidence, we conclude that an award of $250,000 for plaintiff's future pain and suffering is the minimum amount the jury could have awarded as a matter of law based on the evidence at trial (*see generally Orlikowski v Cornerstone Community Fed. Credit Union*, 55 AD3d 1245, 1248 [2008]). We therefore modify the judgment accordingly, and we grant a new trial on damages for future pain and suffering only unless defendant, within 20 days of service of the order of this Court with notice of entry, stipulates to increase the award of damages for future pain and suffering to $250,000, in which event the judgment is modified accordingly. We further conclude, however, that the court properly denied that part of plaintiff's post-trial motion with respect to damages for future loss of earnings. Contrary to plaintiff's contention, we conclude that, "considering all of the relevant factors and circumstances in this case, it was reasonable for the jury to have [awarded no damages for future loss of earnings]. The verdict [with respect thereto] does not shock our conscience" (*Schneider v National R.R. Passenger Corp.*, 987 F2d 132, 137-138 [1993]).

Plaintiff contends that the court erred in admitting in evidence defendant's safety rule book in its entirety because the

rules therein imposed a higher standard of care than the applicable standard of reasonable care. Plaintiff failed to object to the admission of the book on that ground, however, and he thus failed to preserve his contention for our review (*see* CPLR 5501 [a] [3]; *Gunnarson v State of New York*, 95 AD2d 797 [1983]). Plaintiff also failed to preserve for our review his contention that the court failed to give a proper jury instruction with respect to the applicability of defendant's safety rules, inasmuch as he failed to request such an instruction (*see generally Schlesinger v City of New York*, 30 AD3d 400 [2006]; *Givens v Rochester City School Dist.*, 294 AD2d 898 [2002]). Present—Smith, J.P., Centra, Fahey, Carni and Pine, JJ.