Ioannou v 1 BK St. Corp. (2022 NY Slip Op 02089)





Ioannou v 1 BK St. Corp.


2022 NY Slip Op 02089


Decided on March 29, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 29, 2022

Before: Kapnick, J.P., Webber, Friedman, Kennedy, Mendez, JJ. 


Index No. 160523/19 Appeal No. 15612 Case No. 2021-02075 

[*1]Athas Ioannou, Plaintiff-Respondent,
v
1 BK Street Corp., Defendant-Appellant.


Golino Law Group, PLLC, New York (Santo Golino of counsel), for appellant.
Adam Leitman Bailey, P.C., New York (Jeffrey R. Metz of counsel), for respondent.



Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered on or about June 3, 2021, which denied defendant's motion for a protective order to suppress, nunc pro tunc, production of the building-wide rent roll registrations from the New York State Division of Housing and Community Renewal in response to a judicial subpoena duces tecum, unanimously affirmed, without costs.
Defendants failed to establish that the subpoena should have been quashed for being "utterly irrelevant to any proper inquiry" (Velez v Hunts Point Multi-Serv. Ctr., Inc., 29 AD3d 104, 112 [1st Dept 2006]). On the contrary, the rent roll registration records sought in the subpoena are relevant to determine whether defendant engaged in a fraudulent scheme to deregulate plaintiff's apartment and other apartments in the building (see 435 Cent. Park W. Tenant Assn. v Park Front Apartments, LLC, 183 AD3d 509, 510 [1st Dept 2020]; see also Gersten v 56 7th Ave. LLC, 88 AD3d 189, 200 [1st Dept 2011], appeal withdrawn, 18 NY3d 954 [2012]), and at this stage of the litigation, the question is not whether fraud has been demonstrated, but rather whether fraud could be shown. The records are also relevant to show whether defendant re-registered the building's units while the building was receiving J-51 tax benefits (see Casey v Whitehouse Estates, Inc., 197 AD3d 401, 404 [1st Dept 2021]). We also reject defendant's argument that the Rent Stabilization Code (9 NYCRR) § 2528.5, which bars release of information filed with the DHCR under a FOIL request, also bars release of information in accordance with a so-ordered subpoena duces tecum. Indeed, defendant cites no authority supporting this proposition.
We have considered defendant's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 29, 2022