| **Inglis v Four Thirty Realty LLC** |
| 2024 NY Slip Op 31676(U) |
| May 13, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 160419/2019 |
| Judge: Paul A. Goetz |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. PAUL A. GOETZ**

*Justice*

PART 47

------------------------------------------------------------------------------X

STEVEN R INGLIS, JULIA ODDY INGLIS

Plaintiff,

- v -

FOUR THIRTY REALTY LLC,

Defendant.

------------------------------------------------------------------------------X

INDEX NO. 160419/2019

MOTION DATE 10/02/2023

MOTION SEQ. NO. 001

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 90, 91, 92, 96, 109, 112, 113, 114, 115, 117, 118, 119, 120, 121

were read on this motion to/for                PARTIAL SUMMARY JUDGMENT                .

Upon the foregoing documents, it is

In this rent overcharge action involving a building receiving J-51 tax benefits, plaintiffs

move pursuant to CPLR § 3124 to compel defendant to provide documents and answers to

interrogatories, the purpose of which are to determine whether defendant participated in a

fraudulent scheme to deregulate plaintiffs' apartment. Plaintiff also moves pursuant to CPLR §

2307 seeking judicial approval of two subpoenas which seek records from the HPD and the

DHCR. Defendants cross move pursuant to CPLR § 3103 seeking a protective order striking

plaintiffs' discovery demands and pursuant to CPLR § 2304 to quash the subpoenas to HPD and

the DHCR.

## DISCUSSION

*Applicable Standard*

"A provision added as part of the Rent Regulation Reform Act of 1997 (1997 RRRA)

expressly preclude[d] examination of the rental history of the housing accommodation prior to

**160419/2019   INGLIS, STEVEN R ET AL vs. FOUR THIRTY REALTY LLC**
**Motion No.  001**

**Page 1 of 6**

1 of 6

[* 1]

the four-year period preceding commencement of the overcharge action" (*Regina Metro. Co., LLC v New York State Div. of Hous. and Community Renewal*, 35 NY3d 332, 353 [2020] [internal quotation marks removed]). However, there is a "a limited common-law exception to the otherwise-categorical evidentiary bar, permitting tenants to use such evidence only to prove that the owner engaged in a fraudulent scheme to deregulate the apartment" (*id*. at 354). The exception requires a tenant to have a "colorable claim of fraud by identifying… evidence, of a landlord's fraudulent deregulation scheme to remove an apartment from the protections of rent stabilization" (*id*. at 355 [internal quotation marks removed]).

During discovery, "the question is not whether fraud has been demonstrated, but rather whether fraud could be shown" (*Ioannou v 1 BK St. Corp.*, 203 AD3d 627 [1st Dept 2022]). "Fraud consists of 'evidence [of] a representation of material fact, falsity, scienter, reliance and injury'" (*Regina*, 35 NY3d 356 n.7 [quoting [*Vermeer Owners v Guterman*, 78 NY2d 1114, 1116 [1991]]]). Since the *Regina* decision courts have held that in order for the fraud exception to the lookback rule to apply the "plaintiffs [are] required to prove, prima facie, the [common law] elements of fraud" (*Aras v B-U Realty Corp.*, 221 AD3d 5, 12 [1st Dept 2023]).

However, recently the legislature passed 2023 New York Senate Bill No 2980 and 2024 New York Senate Bill No 8011, which changes the definition of "fraud" within the context of the fraud exception to the four-year lookback rule. These bills require an examination of the totality of the circumstances when determining if a fraudulent scheme to deregulate an apartment transpired, rather than requiring a showing of each of the five elements of common law fraud. While defendants argue that the new statute is unconstitutional as it retroactively punishes past conduct and imposes new liability for completed transactions, the law's constitutionality on this discovery motion need not be addressed because as will be shown below, plaintiffs have

**160419/2019   INGLIS, STEVEN R ET AL vs. FOUR THIRTY REALTY LLC**
**Motion No.  001**

**Page 2 of 6**

2 of 6

[* 2]

demonstrated that they have a colorable claim of fraud under the more stringent common-law fraud standard.

*Representation of Material Fact*

Plaintiff Steven R. Inglis submits an affidavit in which he states that the initial lease they received and signed stated "'THIS APARTMENT IS NOT SUBJECT TO RENT STABILIZATION" (NYSCEF Doc No 90 ¶ 7). Plaintiffs allege that throughout their tenancy they were never notified that the apartment is rent stabilize, they never received a lease on DHCR's official form, rent registration form nor, a mandatory rights rider that is required to be included with every lease for a regulated apartment, and that their rent increases have never been described as limited by law (*id*. at ¶ 8).

*Falsity*

It is undisputed that plaintiff's apartment should have been rent stabilized due to defendant receiving J-51 tax benefits. On June 15, 2012, and affirmed on appeal on April 14, 2015, the building was found to be rent stabilized because it was receiving J-51 tax benefits in a case brought by another tenant in defendant's building (*Meyers v Four Thirty Realty*, 127 AD3d 501 [1st Dept 2015]) (NYSCEF Doc. No. 29).

*Scienter*

Plaintiffs argues that defendant must have been aware of these misrepresentations and lack of disclosure because even after the decision in *Meyers v. Four Thirty Realty LLC* (NYSCEF Doc. No. 29) defendant never satisfied its legal duty to correct the misrepresentation that the apartment was unregulated. Defendant never provided plaintiffs with a rent stabilized lease and never recalculated plaintiffs' rent despite knowing that the building was regulated because of its receipt of J-51 benefits. Defendant argues that "scienter" cannot be shown because

**160419/2019  INGLIS, STEVEN R ET AL vs. FOUR THIRTY REALTY LLC**
**Motion No.  001**

**Page 3 of 6**

3 of 6

there is no proof that defendant "knowingly engaged" in a fraudulent scheme, and that it deregulated the units because it relied on DHCR policy, which was later deemed an invalid interpretation of the statutory scheme (*Roberts v Tishman Speyer Properties, L.P.*, 13 NY3d 270 [2009]).

An "[o]wner [does] not engage in fraud when it improperly removed the apartment from rent regulation because it was relying on DHCR's own contemporaneous interpretation of the relevant laws and regulations" (*Park v New York State Div. of Hous. and Community Renewal*, 150 AD3d 105, 106 [1st Dept 2017]). However, in *Ioannou,* the First Department denied a motion to quash a subpoena on the DHCR because "at this stage of the litigation, the question is not whether fraud has been demonstrated, but rather whether fraud could be shown" and "the rent roll registration records sought in the subpoena are relevant to determine whether defendant engaged in a fraudulent scheme to deregulate plaintiff's apartment and other apartments in the building" (*Ioannou*, 203 AD3d at 627). "The records are also relevant to show whether defendant re-registered the building's units while the building was receiving J-51 tax benefits" (*id.*). Similarly in *Montera v KMR Amsterdam LLC*, the First Department observed that "[a]ssumptions regarding the regulatory status of an apartment may amount to willful ignorance, which constitutes willful conduct, particularly since defendants are sophisticated property managers and owners" and then denied a pre-discovery summary judgment motion because *inter alia* "plaintiff was unable to obtain documents that had been requested" which would assist in proving that fraud occurred (*Montera v KMR Amsterdam LLC*, 193 AD3d 102, 107-109 [1st Dept 2021]). The *Montera* court also rejected defendant's argument that no fraud occurred when as here "no evidentiary proof [was] submitted supporting this conclusory and self-serving assertion" (*id.* at 109).

**160419/2019 INGLIS, STEVEN R ET AL vs. FOUR THIRTY REALTY LLC**
**Motion No. 001**

**Page 4 of 6**

4 of 6

[* 4]

*Reliance*

Mr. Inglis additionally avers that they relied on defendant's statements and omissions, believed that defendant was being truthful in telling them the apartment was unregulated, and refrained from filing a complaint because of that reliance ((NYSCEF Doc No 90 ¶ 15). Defendant argues that since it was publicly available that the rent went from $2,000 to $6,700 plaintiffs cannot have detrimentally relied on the false statements by defendant regarding the regulated status of the apartment.

Since, "[r]easonable reliance is an element of [common law] fraud for purposes of evading the four-year lookback restriction for pre-HSTPA overcharge claims the undisputed disclosure in the publicly available rental histories of the discrepant figures for legal regulated rent and preferential rent negates any inference of fraud as a matter of law" (*Burrows v 75-25 153rd St., LLC*, 215 AD3d 105, 113 [1st Dept 2023], lv to appeal granted, 2024 NY Slip Op 66625 [Ct App Apr. 25, 2024]). There, the court stated that since the rental history of apartments were publicly available, that tenants could not have reasonably relied on the misrepresentation of the landlords about the regulatory status of the apartments, thus making a fraud claim fail as a matter of law.

However, *Burrows* is distinguishable from this case because in *Burrows* the registrations were disclosed to the tenants at all times, and since the inflated registrations were in the tenants' possession they could not prove that they reasonably relied on the landlord's misrepresentations. In contrast, here plaintiffs never received any notice of the regulatory status of their apartment and *Burrows* does not hold that a tenant has a duty to search government records to determine its regulatory status.

**160419/2019   INGLIS, STEVEN R ET AL vs. FOUR THIRTY REALTY LLC**
**Motion No.  001**

**Page 5 of 6**

5 of 6

[* 5]

*Damages*

Finally, it is undisputed that plaintiff suffered damages as Mr. Inglis avers that they initially paid $6,700 monthly to rent the apartment, gradually increasing to $9,017.96 monthly in January 2019 (NYSCEF Doc No 24 ¶ 13). The landlord had registered the rent at $2,000 (NYSCEF Doc No 90 ¶ 16). Plaintiffs allege damages based on the years of overcharges they paid in rent (*id.*).

## CONCLUSION

Having shown that a colorable claim of fraud exists plaintiffs have met their burden in this early discovery stage to show that "fraud could be shown" entitling them to the discovery sought (*Ioannou*; 203 AD3d at 627).

Accordingly, it is

ORDERED that plaintiff's motion to compel is granted; and it is further

ORDERED that defendants shall produce to plaintiff on or before June 14, 2024 the responses to the Notice of Discovery and Inspection dated February 8, 2022 (NYSCEF Doc No 34) and responses to the Interrogatories dated February 8, 2022 (NYSCEF Doc No 33); and it is further

ORDERED that counsel are directed to appear for a status conference on June 28, 2024 at 9:30 AM.

20240513112405PGOETZ1B457BB76DCCA0D0382495C924520DAB9

| 5/13/2024 | | | | PAUL A. GOETZ, J.S.C. | | |
|-----------|---|---|---|-----------------------|---|---|
| **DATE** | | | | | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|---|----------------------|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**160419/2019   INGLIS, STEVEN R ET AL vs. FOUR THIRTY REALTY LLC**
**Motion No.  001**

**Page 6 of 6**